Elias G. Goss, plaintiff in error, vs. Mary Goss, defendant in error.

[1.] The power of granting temporary alimony, belongs to the Superior *Court* as an incident to its jurisdiction over divorces, and not to the Judge. He cannot exercise it in vacation; and the husband is entitled to notice and a hearing, before it is granted in Court.

[2.] Attachment, and not *fieri facias*, is the proper mode of enforcing an order for alimony.

Illegality, in Webster Superior Court. Decision by Judge Kiddoo, March Term, 1859.

This was a motion to quash and set aside an execution against plaintiff in error, upon the following grounds:

1st. Because said execution issued upon an order or judgment granting alimony to plaintiff in *fi. fa.*

2d. Because the order granting alimony, was made in vacation, and at chambers, and without notice to the defendant.

After argument, the Court overruled the motion to set aside, and defendant excepted.

DOUGLASS & DOUGLASS; and REDDING & SMITH, for plaintiff in error.

E. H. BEALL; and McCAY & HAWKINS, *contra.*

*By the Court.*—STEPHENS J. delivering the opinion.

[1.] The power of granting temporary alimony during the pendency of a divorce suit, was elaborately discussed and was decided by this Court, in the case of *McGee vs. McGee,* 10 *Ga. Rep.* 417. We think it was rightly held to be a power belonging to the *Superior Court,* as an incident to its jurisdiction over divorces. It belongs to the *Court,* and not to the Judge, and therefore cannot be exercised by him in vacation. We think also, the party against whom this alimony is allowed, should have notice and an opportunity of being heard.

[2.] We think also, that the proper mode of enforcing an order for alimony is by attachment and not by *fieri facias.*

Judgment reversed.