THE CINCINNATI AND GEORGIA RAILROAD *vs.* NETTLES.

1. If there were anything in the evidence showing improper bias on the part of any of the witnesses in favor of one party, or prejudice against the opposite party, this was a circumstance which affected their credibility and detracted from the force and weight of their testimony, of which the jury were the exclusive judges, and was not a ground for a new trial. Such facts, however, do not appear in this record.

2. The finding in this case does not appear to be so excessive as to justify the inference that the jury committed a gross mistake or showed undue bias or prejudice; and unless such be the case, the court should not interfere with the verdict finding damages.

3. The verdict was not contrary to the evidence.

(*a.*) This court, not being fully satisfied that this case was brought here for delay only, will not award damages on that ground.

December 21, 1886.

New Trial. Witness. Verdict. Practice in Supreme Court. Before Judge BRANHAM. Polk Superior Court. February Adjourned Term, 1886.

Reported in the decision.

JANES & RICHARDSON; BACON & RUTHERFORD, by brief, for plaintiff in error.

J. A. BLANCE; E. N. BROYLES, by brief, for defendant.

HALL, Justice.

This was a proceeding instituted by the Cincinnati and Georgia Railroad Company to condemn to its use as a road-bed and right-of-way, a portion of the land belonging to William E. Nettles, and being unable to agree with him as to the value of the same, assessors were appointed to determine that question. They set apart to the use of the company, a strip running across lot No. 633, in 21st district, 3d section, of Polk county, one hundred feet in breadth and thirteen hundred and fifty feet in length, containing in the area thus appropriated to the company four acres of land, and they assessed Nettles' damages at one hundred and sixty dollars, from which award Nettles took an appeal to the superior court, and on the trial had there he recovered $1,000. The company made a motion for a new trial on various grounds, which was refused; whereupon they excepted to the judgment denying the same, and brought the case to this court for review. The bill of exceptions assigns error to the judgment overruling the motion for a new trial:

(1.) Because the verdict is contrary to evidence and without evidence to support it.

(2.) Because it is decidedly and strongly against the weight of evidence.

(3.) Because it is excessive and manifests passion and prejudice against the railroad company.

(4.) "Because the verdict rendered and the evidence of witnesses for Nettles manifest passion and prejudice on the part of said witnesses, which was disregarded by the jury."

1. This last is a somewhat novel objection. If there was anything in the evidence showing improper bias on the part of the witnesses, or any of them, in favor of Nettles or prejudice against the opposite party, this was a circumstance that affected their credibility and detracted from the force and weight of their testimony, of which the

jury were the exclusive judges ; but from a close inspection of the record, we cannot say that they abused their powers in giving full faith and credit to the witnesses and to their evidence. It discloses nothing like prejudice or bias in favor of or against either party, that we can discern, and no instance of this kind has been brought to our notice by the able and learned counsel who argued the case for the plaintiff in error.

2. The finding in this case does not appear to be so excessive as to justify the inference that the jury, to whom the question belongs, has committed a " gross mistake," or shown "undue bias," or " prejudice," and unless this be so, the court should not interfere with the verdict. Code, §§2947, 3067. If no mistake has been made as to the elements that go to make up the damages in such cases—and there is no specific complaint to that effect, not even an allegation that the verdict is contrary to law,—then the evidence to support this verdict is ample. It was shown that the land taken was itself worth from $150 to $200; that the railway divided the farm into two parcels ; that a cut ten feet deep or more was in thirty yards of the dwelling ; that the annoyance from smoke and noise was great ; that there was apprehension of fire from sparks emitted from the smoke-stack of the engine, and of accidents and injury by persons and stock being liable to fall from the high banks into the cut ; that the value of the whole place was depreciated by reason of the spring, from which the family obtained water, being cut off from the house by the road ; and that there was no access to other portions of the place without going a round-about way over the premises of adjacent owners. In consequence of these several inconveniences and drawbacks, a controlling majority of the witnesses sworn on the trial estimated Nettles' damages from $800 to $1,000. There is evidence that the owner was compelled to abandon his buildings near the railroad and to enter others on a different part of his land. Add to this amount interest on the damages for the injury from

the time it occurred until the verdict on the appeal was rendered, and the amount found will not appear excessive. Citations under §3032 of the code. There was no evidence of increased value of the premises, by reason of the construction of the railway, to be set off against the injuries done. The witnesses, in every instance, gave the reasons on which they founded their estimate of damages. We think that when they gave the facts upon which it was founded, they had a right under the law to give opinions, and that these opinions were not conclusions proper to be drawn exclusively by the jury from the testimony, as was insisted by counsel.

3. Although the evidence upon the main issues was conflicting, the verdict, far from being contrary to it, was in accordance with its weight, and in no proper sense can it be said that there was not a sound and proper exercise of discretion in refusing to grant a new trial. The defendant in error asks for damages, but inasmuch as we are not fully satisfied that the case was brought here for delay only, we must refuse the request.

Judgment affirmed.