## GEORGIA COAST AND PIEDMONT RAILROAD COMPANY
### *v.* McFARLAND.

</div>

1. In a suit by an employee to recover damages for an alleged wrongful discharge, where the employer pleaded justification because of the refusal of the employee to obey a specified order given first in writing

and afterwards repeated in parol, whether or not the plea was sustained would depend upon the duty of the employee to obey the order which was given and upon whether or not a refusal to do so authorized his discharge. Other possible reasons not expressed in the plea, which might have authorized a discharge, can not be invoked.

2. Some of the requests to charge were not adjusted to the pleadings and evidence, and some were argumentative in form. In so far as any of them embodied principles proper to be given in charge, they were covered by the general charge of the court.

3. The portions of the charge to which exceptions were taken, when read in connection with the pleadings, the evidence, and the entire charge, are not subject to the criticisms made upon them.

4. The evidence was sufficient to support the verdict, and no reason appears on any ground of the motion for a new trial why a reversal should be granted.

5. Under the special facts of the case, the motion to award ten per cent. damages on the ground that the case was brought to this court for delay is denied.

<center>Argued January 18,—Decided May 13, 1909.</center>

Action for breach of contract. Before Judge Seabrook. McIntosh superior court. August 15, 1908.

*Hitch & Denmark,* for plaintiff in error. *W. L. Clay,* contra.

ATKINSON, J. McFarland brought suit against the Darien & Western Railroad Company (now the Georgia Coast & Piedmont Railroad Company) to recover damages, alleging that he had been wrongfully discharged from the position of auditor and superintendent during the term for which he was elected. The defendant denied the substantial allegations. On the trial the court directed a verdict for the defendant, and the case was brought to this court. The judgment was reversed. 127 *Ga.* 97. The defendant then amended its answer by admitting the discharge and pleading justification therefor, by reason of an alleged refusal on the part of the plaintiff to obey an order which had first been given to him in writing by the vice-president and general manager, and afterwards repeated orally. The jury found for the plaintiff $1,125, with interest, being the full amount for which he sued. The defendant moved for a new trial, which was refused, and it excepted.

On the question of whether the order given to the plaintiff by the vice-president and general manager of the defendant was a legitimate direction as to the conduct of the business, or whether it was only a subterfuge and given as a step in carrying out the purpose to oust the plaintiff from his office, the evidence was con-

flicting. The defendant having in its plea set up certain specified conduct of the plaintiff as justifying his discharge, it was restricted to the ground of justification thus set up. In some of the grounds of the motion for a new trial error was alleged in the refusal of certain requests to charge. Some of these sought to have the jury instructed as to the right of an employer to discharge an employee, which went beyond the ground set up in the plea, and were too broadly worded. Some of them stated the principles announced in an argumentative manner. In so far as any of the requests embodied proper charges, they were covered by the general charge, which instructed the jury as to the substantial issues made by the pleadings and evidence in the case. Complaint was also made of two excerpts from the charge of the court; but when they are read in connection with the pleadings and the entire charge, they are not subject to the criticisms made upon them. The evidence was sufficient to support the verdict, and there was no error in overruling the motion for a new trial.

As the judgment will be affirmed, it is unnecessary to pass **upon** the cross-bill of exceptions.

Counsel for the defendant in error moved this court to award ten per cent. damages, on the ground that the case was brought up for delay. While we have ruled that the judgment should be affirmed, we can not say that it is so clearly a case brought here for delay as to authorize us to award damages, and we decline to do so.      *Judgment affirmed. All the Justices concur.*