## LEO SINGER v. HOME INSURANCE COMPANY OF AMERICA.

### LEO SINGER v. QUEENS INSURANCE COMPANY.

Decided December 9, 1926.

**Insurance—Fire—Business Devoted to Buying and Selling Motion Picture Film—Loss Proved—Defendant Claims False Swearing, Alleging That There is no Legitimate Second-Hand Film Business—Plaintiff Presents Proof That There is Such Business—Insured Claimed Entire Title to all Film—Held, That if Assured Has Possession and Use Under a Claim of Right, the Court is Not Disposed to Pass on the Validity of the Title—No Error in the Court's Charge.**

On rule to show cause, Essex Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the plaintiff, *Louis Ogust.*

For the defendant, *Arthur T. Vanderbilt.*

PER CURIAM.

The case was tried before the court and a jury. The plaintiff brought the action on policies issued by defendant insurance companies for loss by fire of fixtures and stock of merchandise, consisting of moving picture film. The jury returned verdicts against the defendants for the full amount of the policies, together with interest as follows: Against Queen Insurance Company, $2,167.67; against the Home Insurance Company, $5,961.09, being $4,335.34 on stock and $1,625.75 on fixtures. By stipulation the amount recovered for fixtures is not involved in this rule to show cause.

The plaintiff, before the fire, occupied his own building devoted to the business of buying and selling motion picture

film; the film covered by the policies was alleged to have been bought from dealers in second-hand film, and in the regular channel of trade. The proofs of loss showed a loss on film of $16,692 against a total insurance of $6,000.

The defense was that plaintiff was not the sole and unconditional owner, and that he was guilty of false swearing. The defendant produced officials of certain well-known film producing companies, who testified that there was no legitimate second-hand film business; that the practice of their companies, and of the industry in general, was merely to lease film and never to sell it outright while fit for use; that when no longer usable, the film is deemed mutilated and sold for scrap; that their companies produced film bearing a title of film included in the plaintiff's inventory; that said film was copyrighted and never sold; that there are "pirates" in the business, who made and sold prints of leased copyrighted film. The film for which the plaintiff made claim, and which bore titles of film produced by witnesses' companies, numbered about one hundred and ninety-three reels, and was of a value of $1,220; plaintiff's total claim was for two thousand six hundred and thirty-six reels of a value of $16,692.

The plaintiff produced evidence to the effect that there are hundreds of film producing and releasing companies; that some of them do not copyright their film; that there is a large business and hundreds of dealers in second-hand film; that film, copyrighted and otherwise, is bought and sold in open market; that film is sold outright by producing companies, and by their branch managers or agents, who have apparent authority to so sell it; that film is sold outright by storage, express and railroad companies to satisfy lien claims for charges, and by the government for non-payment of custom duties; that producing companies sell used film in unmutilated condition to junk dealers, without restriction as to use. The insured claimed the entire title of all film in the inventory submitted in the proofs; he did not claim unqualified or undivided interest or an interest in common. The legal rule in this department of the law is settled that

if assured has possession and use under a claim of right, the court is not disposed to pass upon the validity of the title. *Rich. Ins.* 337.

So, also, where the insured is in possession of property, claiming full title under bills of sale, conveying title, his claim is deemed sole and unconditional. *Norris* v. *Insurance Co. (New Jersey)*, 123 *Atl. Rep.* 762; *Savarese* v. *Insurance Co. (New Jersey)*, *Id.* 763.

The first reason for the rule is that the court charged that a warranty of title made in good faith does not, of itself, deprive the insured of his rights under the policy, even if he was not the unqualified owner. This was charged in reference to false swearing in representation of ownership made in proof of loss. The court elsewhere properly charged on the sole and unconditional ownership clause of the policy, and the matter was also adequately covered in the defendants' seventh request, which was fully charged.

The third reason assigned is that the court refused to charge that if the assured overstated the value of the merchandise, in proof of loss, with intention that the defendant companies act in reliance therein, the verdict must be for the defendants. The court properly charged in this respect, that there must be fraud to vitiate the plaintiff's claim, and that the overvaluation in the proofs must be knowingly and intentionally made in order to avoid the policies.

We have examined the remaining reasons urged in support of the rule, and find them insubstantial. The rule will be discharged.