26406. NATIONAL UNION FIRE INSURANCE COMPANY *v.* TATUM.

STEPHENS, P. J. 1. A notice from an insurer to an insured under a policy of insurance, such as a policy insuring against damage from storms, that the premium rate on the policy has been raised, and a demand on the insured to pay a higher premium on the policy, is not a notice by the insurer to the insured of the insurer's cancellation of the policy under a provision of the policy that it may be canceled by the insurer upon notice to the insured of such cancellation. In a suit to recover for a loss under the policy, instituted by the insured against the insurer, in which the defendant denied liability and specially pleaded that before the occurrence of the loss the policy had been canceled by agreement between the parties thereto and was therefore of no force and effect, where there was evidence that the plaintiff had not requested or agreed to a cancellation of the policy and there was no evidence that the defendant had given to the plaintiff any notice of cancellation under the terms of the policy, the inference was authorized that the policy had not been canceled.

2. The evidence was sufficient to authorize the inference that the property covered by the insurance policy belonged to the insured, and that no person other than the insured had any right, title, or interest in the property, unless it was a creditor of the insured for whose benefit the policy was issued, and to whom, as a person entitled to possession of the policy, the defendant had delivered the policy, and that the insurer at the time had knowledge of whatever right, title, and interest in the property may have been in the creditor, and therefore had waived the provision in the policy that the policy, unless otherwise provided for by agreement or by indorsement on the policy or addition to it, shall be void if the interest of the insured be other than unconditional and sole ownership.

3. The evidence authorized the verdict found for the plaintiff, and no error appears. *Judgment affirmed. Sutton and Felton, JJ., concur.*

ON MOTION FOR REHEARING.

On the trial of a case by an insured, under a fire-insurance policy, against the insurer, to recover for the loss by fire of property alleged to have

been covered by the policy, if it is incumbent upon the plaintiff to show that his title to the property was sole and unconditional, or that he had such title to the property as would entitle him to recover as the owner having an insurable interest in the property, it is only necessary for the plaintiff to make a prima facie case of the required ownership, which he may do by showing that the policy covered the property damaged and that he was in possession of the property claiming to be the owner thereof. *Morris* v. *Imperial Insurance Co.*, 106 *Ga.* 461, 463 (32 S. E. 595) ; 19 Cyc. 941 (c) ; 26 C. J. 539, § 755; Thermal Belt Sanitarium Co. *v.* Hartford Ins. Co., 157 N. C. 551 (2) (73 S. E. 337) ; Commercial Standard Ins. Co. *v.* E. P. McKnight Chevrolet Co., 43 S. W. (2d) 636 (10) ; Singer *v.* Home Ins. Co., 135 Atl. 274 (2). Where there was evidence that the property which was damaged by fire was covered by the policy, and that it was a filling-station located on a designated street, that on the date of the damage to the property by fire the plaintiff, "had" this filling-station, that the building cost the plaintiff a named sum of money, that the negotiations which led up to the issuance of the policy were had with the plaintiff concerning insurance on the plaintiff's property, the inference is authorized that the plaintiff, at the time of the issuance of the policy, and at the date of the fire, was the owner of the property, and had such insurable interest in it as entitled him to recover for its loss, where it appeared otherwise that the defendant was liable.            *Rehearing denied.*

DECIDED OCTOBER 15, 1937.  REHEARING DENIED NOVEMBER 26, 1937.

*Smith, Smith & Bloodworth, Herbert R. Edmondson, Estes Doremus,* for plaintiff in error.

*W. V. Lance,* contra.