18854. LIPTON *v.* LIPTON.

ARGUED FEBRUARY 15, 1955—DECIDED MARCH 14, 1955.

Bruce B. Edwards, W. George Thomas, for plaintiff in error.
Hamilton Lokey, Bertram S. Boley, Paul Webb, Jr., contra.

CANDLER, Justice. (After stating the foregoing facts.) ■ The usual method of enforcing an allowance for alimony, including counsel fees, is by commitment for contempt after notice and hearing. 17 Am. Jur. 460, § 583. In Georgia, this was the exclusive remedy for the enforcement of such orders until the legislature adopted the Code of 1863. *Cason* v. *Cason*, 15 *Ga.* 405; *Goss* v. *Goss*, 29 *Ga.* 109 (2); *Goodrum* v. *Goodrum*, 202 *Ga.* 135 (42 S. E. 2d 450). But by section 1691 of the Code of 1863, an allowance for alimony, including counsel fees, may be enforced "either by writ of fieri facias or by attachment for contempt against the person of the husband." In this connection, see *Gibson* v. *Patterson*, 75 *Ga.* 549 (2). This procedure for the enforcement of alimony awards has been carried forward, un-

changed, in each of the Codes which the State has subsequently adopted, including the Code of 1933; but, since enforcement of such an order or judgment by contempt proceedings belongs inherently to a court having jurisdiction of divorce and alimony suits (*Van Dyke* v. *Van Dyke*, 125 *Ga.* 491 (2), 54 S. E. 537), it cannot be held that the wife's right to enforce it by the writ of fieri facias divests the court of its inherent power to enforce its orders and decrees by commitment for contempt. "The mere fact that the wife has caused execution to issue to enforce alimony does not preclude contempt proceedings for the husband's violation of the decree ordering payment of alimony." 27 C. J. S. 1039, § 260 (b). And as authority for this statement, the author cites *Bales* v. *Bales*, 156 *Ga.* 679 (119 S. E. 635), and *Fischer* v. *Fischer*, 164 *Ga.* 81 (137 S. E. 821). In 27 C. J. S. 1059, § 265, it is also said: "An execution [for alimony] may issue at the same time as proceedings for contempt are initiated, and the proceeding for contempt does not prevent or suspend the execution." Where an action for alimony has been prosecuted to judgment the relation of debtor and creditor is thereby created (*McGahee* v. *McGahee*, 204 *Ga.* 91, 48 S. E. 2d 675) ; and when a demand has been reduced to judgment, it is generally held that the remedies supplied by law for its enforcement are not independent actions, and that the judgment creditor may lawfully and concurrently pursue all available remedies to work a satisfaction of the judgment and neither one can be pleaded in abatement of the other. 17 Am. Jur. 509, § 670; Going *v.* Going, 148 Tenn. 522 (256 S. W. 890, 31 A. L. R. 633) ; Noyes *v.* Hubbard, 64 Vt. 302 (23 Atl. 727, 15 L. R. A. 394, 33 Am. St. R. 928) ; Fairbanks *v.* Shady Brook Milling Co., 94 Wash. 28 (161 Pac. 840) ; Edwards *v.* Perrault, 170 La. 1011 (129 So. 619) ; Cain *v.* Miller, 109 Neb. 441 (191 N. W. 704, 30 A. L. R. 125). In *Carlton* v. *Carlton*, 44 *Ga.* 216, where contempt proceedings were instituted against the husband for his refusal to pay an allowance for alimony after his wife had caused an execution to be issued and levied on his property, the defendant was punished for contempt by the trial judge; and this court, by a decision delivered by Judge McCay, affirmed the contempt judgment. "It is not open to question in this State that a valid judgment for alimony may be enforced by attachment for contempt as well as by the

usual process of execution." *Estes* v. *Estes*, 192 *Ga.* 94, 96 (14 S. E. 2d 681). See, for like rulings, *Carlton* v. *Carlton*, supra; *Lewis* v. *Lewis*, 80 *Ga.* 706 (6 S. E. 918, 12 Am. St. R. 281); *Allen* v. *Baker*, 188 *Ga.* 696 (4 S. E. 2d 642); *McCullough* v. *McCullough*, 208 *Ga.* 776 (69 S. E. 2d 764); *Corriher* v. *McElroy*, 209 *Ga.* 885 (76 S. E. 2d 782). In *McCullough's* case, the trial judge held that the husband could purge himself of contempt by making payments at stated times of amounts less than those called for by the alimony judgment, and this court in its judgment of affirmance and by an opinion which Chief Justice Duckworth prepared for the court, said: "The wife in this case may avail herself today of any civil process to collect the full amount of her alimony judgment. She has no right to require that the defendant be imprisoned for contempt of court because of his failure to pay the full amount when he is unable to pay the same. We do not allow imprisonment for debt in this State." Therefore, we hold that the doctrine of election of remedies has no application here, and that a wife who has an alimony judgment may maintain attachment for contempt against the person of her husband, notwithstanding she has previously caused an execution to be levied on his property for the purpose of collecting her judgment; the two remedies may be pursued by her concurrently until her judgment is satisfied by one of the proceedings, and the other one will then abate. Hence, the trial judge did not err, as contended, in sustaining a general demurrer to the defendant's plea in abatement.

■ There is no merit in the contention that the trial judge erred in making an award for counsel fees on the hearing of the wife's contempt proceedings. An act which the legislature passed in 1947 (Ga. L. 1947, p. 292; Code, Ann. Supp., § 30-219) provides: "In all cases wherein alimony has been awarded to any wife or to any children against any defendant in any suit for divorce, or for alimony without divorce, and the defendant shall have failed to pay such alimony and he shall be cited for contempt before the court for having failed to make payment of such alimony, if upon the hearing of such proceedings it is found that the husband has failed to pay the alimony awarded against him, either temporary or permanent, for no justifiable reason, the court shall award to the attorney for the wife or children or the

wife and children in such proceedings a reasonable fee of not less than $25 against the defendant, to be enforced as any award of attorney's fees may be enforced in any suit for divorce and alimony or for alimony alone." From the evidence in this case, the judge was fully authorized to find that the defendant, for no justifiable reason, had failed to pay the amount which had been awarded to his wife for the use of her attorneys, and it does not appear that an award of $150 is an unreasonable fee for the prosecution by her attorneys of this contempt proceeding in the trial court.

■ As provided by Code § 6-1801, the defendant in error has asked this court to assess damages against the plaintiff in error for bringing his case up for delay only. While the assignments of error in which complaint is made of the judge's rulings are without merit, still we are not fully satisfied that the writ of error was sued out and subsequently prosecuted in this court only for the purpose of delay. The damages which we may assess under the cited section of our Code are in the nature of a penalty, and will not be awarded in any case unless it is clearly apparent that it was brought up for delay only; and they are never assessed in doubtful cases. *Cureton* v. *Ketcherside*, 75 *Ga.* 890; *Cincinnati & Ga. Railroad* v. *Nettles*, 77 *Ga.* 576 (3); *Georgia Coast &c. R. Co.* v. *McFarland*, 132 *Ga.* 639 (5) (64 S. E. 897). The motion to assess damages for delay in the instant case ·is, accordingly, denied.

*Judgment affirmed. All the Justices concur.*