## 35576. ALCORN v. ALCORN.

NICHOLS, Chief Justice.

Mrs. Alcorn appeals an order of the Superior Court of Muscogee County setting aside on the equitable complaint of Mr. Alcorn its final judgment and decree entered in 1978.

Mrs. Alcorn's action for divorce, child custody, alimony, child support, and property division had been filed in Muscogee County and had been served upon Mr. Alcorn by the sheriff of Richmond County, where Mr. Alcorn, a nonresident of the State of Georgia, was stationed at Fort Gordon in the military service. Mr. Alcorn never appeared. Judgment was entered for Mrs. Alcorn on all of her prayers. The court set that judgment aside upon the ground that Mr. Alcorn neither had been served properly by publication nor had he been served personally in Muscogee County. This court reverses.

1. Venue for the divorce action was proper in Muscogee County because, as the complaint for divorce alleged and as the trial court found in its order setting the judgment and decree aside, Mr. Alcorn is not a resident of

this state, and because Mrs. Alcorn, the person who brought the divorce action, was a resident of Muscogee County, Georgia, and had not been a resident of Fort Gordon for one year next preceding the filing of the complaint. Code Ann. § 2-4301. *Hunt v. Hunt,* 225 Ga. 276, 278 (2) (168 SE2d 321) (1969).

2. There is no requirement that a defendant shall have been served within a county where venue properly lies. "Process shall be served by the sheriff of the county where the action is brought *or where the defendant is found,* or by his deputy . . ." (Emphasis supplied.) Code Ann. § 81A-104 (c). "All process may be served *anywhere* within the territorial limits of the State . . ." (Emphasis supplied.) Code Ann. § 81A-104 (f). The trial court erred in setting aside the judgment and decree entered in the divorce proceedings upon the basis that Mr. Alcorn was not served in Muscogee County. See *McPherson v. McPherson,* 238 Ga. 271 (232 SE2d 552) (1977).

*Judgment reversed. Undercofler, P. J., Jordan, Hill, Bowles and Marshall, JJ., and Judge Charles L. Weltner, concur. Clarke, J., not participating.*

ARGUED NOVEMBER 19, 1979 — DECIDED JANUARY 3, 1980.

*Keil, Davis, Harp & Zimmerman, B. Seth Harp, Jr.,* for appellant.
*John B. Watkins,* for appellee.