## 71387. RE/MAX 100 OF SANDY SPRINGS, INC. et al. v. TRI-CONTINENTAL LEASING CORPORATION.

(338 SE2d 542)

BEASLEY, Judge.

Tri-Continental brought an action on a lease contract against Re/Max 100, Burton and McPherson. Defendants filed an answer which did not challenge the sufficiency of process or the service thereof but did set forth the defenses of improper venue and lack of personal jurisdiction. After a hearing, the trial judge denied these defenses. His order recited: "Service of copies of the summons and complaint was perfected on defendant Burton, a Gwinnett County resident, by personal service of a second original by a Deputy Sheriff of Gwinnett County, in Gwinnett County.

"Service of copies of the summons and complaint was perfected on defendant McPherson, a DeKalb County resident, by personal service by the Deputy Sheriff of DeKalb County. This personal service was perfected in Fulton County.

"Service of copies of the summons and process on the corporate defendant was perfected by the DeKalb County Sheriff by serving the registered agent (who happened to be defendant McPherson) in Fulton County."

Subsequently, plaintiff moved for summary judgment. At the hearing Re/Max 100 contended that because the DeKalb County Sheriff served defendant in Fulton County its defense for "failure to state a claim" was meritorious. The trial court denied the motion to dismiss on such ground and granted partial summary judgment for plaintiff Tri-Continental on the contract. Execution was stayed for 10 days permitting any party to identify any further issue. There being none, the judgment was made final. Defendants have appealed to this court.

The trial court ruled that service in another county by the sheriff of the county where suit was brought and where a joint obligor resided was permitted.

1. Our Constitution provides that joint obligors may be sued in any county where one resides. Ga. Const., Art. VI, Sec. II, Par. IV. See OCGA § 9-10-31; *Heard v. Tappan & Merritt*, 116 Ga. 930 (1) (43 SE 375) (1902), which held that a principal and surety on a note are joint obligors. The case on which the trial judge relied as authority for the out-of-county service *Scoggins v. State Farm &c. Ins. Co.*, 156 Ga. App. 408, 410 (274 SE2d 775) (1980) in turn relied upon earlier cases interpreting then Code Ann. § 81-221 (Ga. L. 1945, p. 147). This section was repealed for certain purposes by the Civil Practice Act (Ga. L. 1966, p. 609) and has not been carried forward in the Code of 1981. Nevertheless, even if that section now rests in oblivion the present code section on service as found in OCGA § 9-11-4 (c) and (e) has

been found to accomplish essentially the same purpose. *Alcorn v. Alcorn*, 245 Ga. 1, 2 (2) (262 SE2d 778) (1980); *Tuggle v. Tuggle*, 251 Ga. 845, 846 (310 SE2d 224) (1984); *Ga. Power Co. v. Harrison*, 253 Ga. 212, 214 (1) (318 SE2d 306) (1984).

Defendants have failed to show a lack of venue or personal jurisdiction, or any basis to grant their motion to dismiss.

2. Tri-Continental has moved for frivolous appeal damages. Although the appeal may not be meritorious, damages under OCGA § 5-6-6 are proper only where the enumerations of error are so palpably without merit or specious as to warrant the conclusion that the appeal was taken for delay only. *Great Atlantic &c. Tea Co. v. Burgess*, 157 Ga. App. 632, 633 (4) (278 SE2d 174) (1981); *Ale-8-One v. Graphicolor Svcs.*, 166 Ga. App. 506, 509 (10) (305 SE2d 14) (1983). Such damages are never assessed in a doubtful case. *Lipton v. Lipton*, 211 Ga. 442, 446 (3) (86 SE2d 299) (1955). Since defendant's arguments here are at least "colorable" (*Almond v. Bentley Gray, Inc.*, 138 Ga. App. 508 (2) (226 SE2d 776) (1976)), the motion for damages is denied.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED DECEMBER 5, 1985.

*William A. Wehunt*, for appellants.
*Bruce B. Weddell*, for appellee.