73938. FARMERS MUTUAL INSURANCE ASSOCIATION OF WALKER COUNTY v. BROWN.
(360 SE2d 42)

McMURRAY, Presiding Judge.

This action was initiated by Edward L. Brown against The Farmers Mutual Insurance Association of Walker County, Georgia for recovery of fire losses under a policy of insurance issued by defendant to plaintiff, "insuring residential buildings owned by [plaintiff] and located in Dade County, Georgia." Defendant answered plaintiff's complaint and admitted that it issued to plaintiff an insurance policy and that the property described in the policy was destroyed by fire. However, defendant denied liability and admitted "that it has refused to pay the claim, because of the breach of the policy by Plaintiff and for other sufficient and valid reasons." After a jury trial, a verdict was rendered in plaintiff's favor and judgment was entered for plaintiff in the principal sum of $25,500 plus interest. Defendant's motion for new trial was denied and this appeal followed. *Held:*

1. In its first enumeration of error defendant contends the trial court erred in failing to grant its motion for directed verdict.

(a) Defendant first argues that plaintiff "failed to properly allege [in his complaint] an insurable interest as is required by Georgia Law."

"Under the Civil Practice Act when the sufficiency of a complaint is questioned, the pleadings must be construed in the light most favorable to the plaintiff. Instead of being construed as formerly, pleadings are now 'notice pleadings' and all doubts must be construed in favor of the complaint, even where unfavorable constructions might also arise therefrom. [Cits.]" *Massey v. Perkerson,* 129 Ga. App. 895, 896 (1) (201 SE2d 830). Applying this standard in the case sub judice, we find plaintiff alleged sufficient facts in his complaint showing an "insurable interest" in the property at the time of loss. More specifically, plaintiff alleged in his complaint "[t]hat on July 10, 1981, the Defendant issued a casualty insurance policy number 8091 insuring residential buildings *owned by the Plaintiff* and located in Dade County, Georgia . . . That on June 5, 1983 the Plaintiff suffered a fire loss involving the insured property . . . That thereafter, and in compliance with the express terms and conditions of the policy, the Plain-

tiff filed a written proof-of-loss claim with the Defendant and made demand upon the Defendant for payment of the loss . . ." (Emphasis supplied.)

(b) Next, defendant argues that plaintiff failed to carry his burden of proof at trial because plaintiff presented no evidence showing that he owned the houses, which were the subject of its insurance policy, at the time of destruction.

"On the trial of a case by an insured, under a fire-insurance policy, against the insurer, to recover for the loss by fire of property alleged to have been covered by the policy, . . . it is only necessary for the plaintiff to make a prima facie case of the required ownership, which he may do by showing that the policy covered the property damaged and that he was in possession of the property claiming to be the owner thereof. *Morris v. Imperial Insurance Co.*, 106 Ga. 461, 463 (32 SE 595); 19 Cyc. 941 (c); 26 C. J. 539, § 755; *Thermal Belt Sanitarium Co. v. Hartford Ins. Co.*, 157 N. C. 551 (2) (73 SE 337); *Commercial Standard Ins. Co. v. E. P. McKnight Chevrolet Co.*, 43 S. W. (2d) (10); *Singer v. Home Ins. Co.*, 135 Atl. 274 (2)." *National Union Fire Ins. Co. v. Tatum*, 56 Ga. App. 740, 741 (193 SE 799).

In the case sub judice, it is undisputed that the houses that were damaged by fire were covered by a policy of insurance issued by defendant; that plaintiff was named in the insurance policy as owner of the houses; and, that the insurance policy was effective at the time of the fire loss. Further, the evidence presented at trial authorized a finding that the houses covered by defendant's insurance policy were rental houses constructed by plaintiff on property purchased by plaintiff. In fact, plaintiff testified that he "had [the houses] completed six months before [he] got insurance," that he rented the houses from 1981 until they burned and that he owned the fire damaged houses upon the date of trial. This evidence was sufficient to sustain plaintiff's burden of making out a "prima facie" case at trial. See *Morris v. Imperial Ins. Co.*, 106 Ga. 461 (1) (32 SE 595). The trial court did not err in declining to grant defendant's motion for directed verdict.

2. Defendant contends in his second enumeration of error that "the trial court erred and abused its discretion in allowing [plaintiff] to reopen his case after [plaintiff] had rested his case-in-chief." Next, defendant contends in its third enumeration of error, that "[t]he trial court erred in allowing [plaintiff] to introduce certain documents which were not set forth in nor contemplated by the pre-trial order."

After the close of plaintiff's case, defendant moved for a directed verdict arguing that plaintiff failed to prove that he had an insurable interest in the property which was described in the insurance contract and was destroyed by fire. In response, the trial court allowed plaintiff to reopen his case and submit documents into evidence showing

plaintiff's ownership interest in the subject property. These documents are the subject of defendant's third enumeration of error.

"Where evidence of a certain fact is admitted without objection, it is harmless error if incompetent or inadmissible evidence of the same fact is also admitted. *Eiberger v. Martel Electronic*, 125 Ga. App. 253 (6) (187 SE2d 327); *Strother v. South Expressway Radio*, 132 Ga. App. 771, 774 (6) (209 SE2d 93); *Converse v. O'Keefe*, 148 Ga. App. 675 (2) (252 SE2d 92)." *Glass v. Lowery*, 168 Ga. App. 153 (308 SE2d 616). In the case sub judice, any error in allowing plaintiff to reopen his "case-in-chief" and "introduce certain documents which were not set forth in nor contemplated by the pre-trial order" was harmless in view of other sufficient evidence presented by plaintiff at trial showing his ownership interest in the insured property. See Division 1 of this opinion. Defendant's second and third enumerations of error are without merit.

3. In its fourth enumeration of error, defendant contends "[t]he trial court erred in denying [its] motion for new trial," arguing the same grounds asserted in its first three enumerations of error. For the reasons heretofore stated in Divisions 1 and 2, this enumeration of error is without merit.

4. Plaintiff has moved for this court to award damages for frivolous appeal pursuant to OCGA § 5-6-6. Although we find no merit in any of defendant's enumerations of error, we do not conclude that defendant's enumerations were so specious for us to conclude that the appeal was taken for delay only. See *Crucet v. Bovis, Kyle & Burch*, 180 Ga. App. 765, 766 (6) (350 SE2d 322); *Re/Max 100 of Sandy Springs v. Tri-Continental Leasing Corp.*, 177 Ga. App. 111, 112 (2) (338 SE2d 542).

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED JULY 8, 1987 —
REHEARING DENIED JULY 27, 1987 —

*Ronald R. Womack*, for appellant.
*James A. Meaney III*, for appellee.