## TIETJEN *v.* MERCHANTS' NATIONAL BANK.

1. A motion to set aside a judgment must be based upon some defect apparent upon the face of the record.
2. Prior to the act approved December 10, 1902 (Acts 1902, p. 106), "to authorize the clerks of the city courts of this State to appoint deputy clerks," etc., one acting as deputy-clerk of the city court of Savannah by authority of the clerk of that court was legally authorized to sign process issuing from that court.
3. It is no ground to set aside a judgment that the petition on which the judgment was based does not show the residence of the defendants nor that the court had jurisdiction of their persons, no timely objection having been made to the petition on that ground before judgment.

Submitted February 26, — Decided March 19, 1903.

Motion to set aside judgment. Before Judge Norwood. City court of Savannah. August 5, 1902.

*G. B. Whatley* and *A. H. MacDonell,* for plaintiff in error.
*J. Randolph Anderson,* contra.

CANDLER, J. The Merchants' National Bank brought suit in the city court of Savannah against several defendants, one of whom was Tietjen, the plaintiff in error in the present case. Tietjen filed no answer within the time required by law, and judgment was rendered against him by default. Subsequently he filed what the court below in its order called a "motion to reopen the judgment." This paper contained his answer to the original petition brought against him, set up that the reason he had not answered within the time required by law was that he had never been served with any summons and did not know of the pendency of the suit against him, and concluded with a prayer that the case be reopened on its merits and his plea considered. This motion to reopen and offer to plead was, on motion, stricken and dismissed. Tietjen then moved to set aside the judgment, on the grounds, (1) that he had never been served as a party defendant, and (2) that the judgment was void for want of jurisdiction of his person. By amendment he set up, as further grounds for setting aside the judgment, that the residence of none of the defendants was stated in the original petition; that the return of service by the deputy-sheriff failed to show any service of the petition and process on Tietjen, and was no service; that Tietjen never appeared and pleaded to the action; and that the process in the case was not annexed and issued by the clerk of the city court of Savannah, as specially required by law, and is void process. This motion was overruled, and Tietjen excepted.

1. The return of the sheriff sets out that he served certain of the defendants in the original petition, expressly naming Tietjen, among others, "personally with a copy of the within writ." Apparently the service was regular; at all events there is nothing on the face of the record to indicate the contrary. "A motion to set aside a judgment, like a motion to arrest it, must be predicated on some defect apparent on the face of the record." *Regopoulas* v. *State,* 116 *Ga.* 596. It follows that there is no merit in this ground of the motion.

2. It is contended that the process issued upon the original petition was void, because signed by one describing himself as the deputy-clerk of the city court of Savannah, there being, at the time the suit was brought, no provision of law for the appointment by the clerk of that court of deputies authorized to perform the duties of the clerk. At the last session of the General Assembly, an act was passed "to authorize the clerks of the city courts of this State to appoint deputy clerks, to define the powers and duties of said deputies, and to validate all acts of deputy clerks heretofore appointed." Acts 1902, p. 106. It is, of course, unnecessary to add that the legislature had no authority to make this law retroactive in such a manner as to affect any right that the plaintiff in error, or any other citizen, might have in the premises. We do not think it can be said that because the General Assembly saw fit to make special provision for the appointment of deputy-clerks for the city courts of this State, and because no special provision therefor had been previously made by law, any acts done by those who had been appointed deputies before the passage of the act were illegal and void. "It is well established, as a general rule, that where the duties of a public office are of a ministerial character, they may be discharged by deputy, except where they are expressly required by law to be performed by the officer in question." 9 Am. & Eng. Enc. L. (2d ed.) 370. It has been held in Georgia that a deed made by a sheriff in compliance with a sale made by a de facto deputy is sufficient to protect the purchaser's title, the court adding that "the acts of a deputy de facto are good as to third persons." *Brooks* v. *Rooney,* 11 *Ga.* 423. See also *Smith* v. *Meador,* 74 *Ga.* 416. We recognize the distinction between acts done by a de facto officer and those done by one who assumes to fill an office for which there is no provision by law; but the principle involved is the same, for in each case it is a question of the validity of acts done by one who, as a strict matter of express legal authority, had no right to do them. In the present case, however, we have no hesitancy in holding that the clerk of the city court of Savannah had authority to appoint a deputy, and that that deputy was authorized to sign the process in the present case.

3. The petition which was the basis of the judgment now sought to be set aside does not affirmatively show that the court

had no jurisdiction of the plaintiff in error. It is true that there was no allegation as to the residence of Tietjen, and advantage might have been taken of this omission by taking the proper steps before judgment. It appears that no point was made as to this, and that Tietjen was personally served. Whatever defect there may have been, therefore, in the original petition, growing out of the failure of the plaintiff to allege the residence of the defendants, was cured, in the absence of any timely objection thereto, by the rendition of the judgment.

We deem it unnecessary to discuss that ground of the motion which complains that the judgment was invalid because Tietjen did not appear and plead to the original petition. The foregoing disposes of every contention made by the plaintiff in error, of suffi-cient importance to merit attention.

*Judgment affirmed. By five Justices.*