HICKS *v.* HICKS.

No. 13990. FEBRUARY 10, 1942.

*N. T. Anderson Jr.*, for plaintiff in error.

*Dolly Lee Butler*, contra.

REID, Chief Justice. ■ A personal judgment for alimony may not be rendered against a non-resident defendant upon service by publication. Pennoyer *v.* Neff, 95 U. S. 714 (24 L. ed. 565) ; *Hood v. Hood*, 130 *Ga.* 610 (61 S. E. 471, 19 L. R. A. (N. S.) 193, 14 Ann. Cas. 359). The extent of available judicial relief in reference to alimony against a non-resident defendant, who is not personally served in this State (Code, § 15-202), or does not acknowledge service (§§ 81-211, 24-112), or who does not voluntarily submit to the jurisdiction of the court by appearing and pleading (§ 81-209), is confined to the seizure and utilization of such property as the defendant may own, situated within the jurisdiction of the court. *Forrester* v. *Forrester*, 155 *Ga.* 722 (118 S. E. 373) ; *Pendley* v. *Tumlin*, 181 *Ga.* 808 (184 S. E. 283).

Mrs. Ruth Hicks sued Joseph A. Hicks, in Fulton superior court, for divorce, custody of their minor children, and alimony. As finally amended the petition alleged "that defendant . . is a non-resident of the State of Georgia, and resides in the State of Florida, and his last known address is 703 Louisiana Ave., Tampa, Florida." There was a prayer for service by publication as provided for in such case (Code, §§ 30-105, 81-204), which was perfected, and a copy of the petition was mailed to the defendant at the address set out in the petition. § 81-206 et seq. These facts properly appear upon the face of the record. A judgment was rendered, granting a divorce and further ordering "that plaintiff shall have custody of the two minor children of the parties hereto, and the defendant shall pay to the plaintiff $15 per week for the care, support, and maintenance of said minor children." The judgment, in so far as it required the defendant to pay the plaintiff $15 per week for the support of the minor children, was a personal judgment for alimony, and was void under the above-stated principles. Accordingly, the motion of the defendant to set aside this portion of the judgment was meritorious.

Counsel for Mrs. Hicks argues that the defendant absented himself solely for the purpose of evading his liability to support his wife and children, and that he was in fact a resident of this State. This can not prevail over the express allegation contained in the petition that the defendant was a non-resident. But assuming that such was the case, and that in fact he was a resident of this State, but absent therefrom, no personal judgment could be rendered against him upon substituted service. *Stallings* v. *Stallings,* 127 *Ga.* 464 (56 S. E. 469, 9 L. R. A. (N. S.) 593). We are aware of no principle of law or any statute which authorizes a personal judgment for alimony to be rendered against a non-resident or an absent resident defendant, even though his change of residence or absence was to evade his duty to support his wife and child. Whether such a rule might be constitutionally made, and, if so, what kind of service would satisfy the requirements of due process, is of course not our present concern. Cf. *Piggly-Wiggly Georgia Company* v. *May Investing Corporation,* 189 *Ga.* 477 (6 S. E. 2d, 579).

■ The plaintiff contends that by appearing and moving to set aside the judgment for alimony the defendant waived the court's lack of jurisdiction of his person. This can not be true. The appearance is after judgment, to set it aside on the ground of the court's lack of jurisdiction of the person of the defendant. To hold that such an appearance amounts to a waiver would be equivalent to a ruling that a non-resident defendant could not appear to set aside a personal judgment rendered against him, based only on substituted process, and accordingly lacking in due process; for if he did, under such an adjudication he would thereby waive the lack of jurisdiction. "In case of a judgment void for want of service of process, the defendant does not waive the question of jurisdiction or validate the void judgment by an appearance in support of a motion to set the judgment aside." 2 R. C. L. 332; 3 Am. Jur. 795-796.

■ In an action for divorce instituted in the courts of this State by a wife against her non-resident husband, the court has power to award to her the custody of the children, if they are within its territorial jurisdiction, and even though the only service on the husband is by publication. See *Brandon* v. *Brandon,* 154 *Ga.* 661, 667 (115 S. E. 115) ; *Drake* v. *Drake,* 187 *Ga.* 423, 430 (1 S. E. 2d, 573) ; 2 Schouler on Marriage, Divorce, etc., 2026-2028.

It is not essential to the validity of such a judgment that the petition allege that the children were within the jurisdiction of the court. The superior court is a court of general jurisdiction, and it is to be presumed, in the absence of a contrary showing, that in rendering the judgment the necessary jurisdictional facts were made to appear. *Perkins* v. *Attaway,* 14 *Ga.* 27; *Kelsey* v. *Wiley,* 10 *Ga.* 371 (2); *Dunagan* v. *Stadler,* 101 *Ga.* 474 .(29 S. E. 440); *Wagnon* v. *Pease,* 104 *Ga.* 417, 424 (30 S. E. 895); *Langmade* v. *Hamilton,* 89 *Ga.* 441 (15 S. E. 535). The motion to set aside that part of the judgment granting to the plaintiff the custody of the children was based solely on the ground that the petition did not allege that the children were within the jurisdiction of the court, no claim being made that they were not so in fact. The motion in this respect was not meritorious. *Tietjen* v. *Merchants National Bank,* 117 *Ga.* 501 (43 S. E. 730); *Southern Ry. Co.* v. *Morrison,* 8 *Ga. App.* 647 (70 S. E. 91); Code, §§ 81-1302, 81-1309, 110-702.

Under the above rulings, the motion to set aside the judgment as to the grant of alimony was meritorious, and accordingly should not have been denied, though in other respects it was without merit.

*Judgment reversed. All the Justices concur.*