19583

David Coker CANNON, Respondent, v. Ilvi Joe CANNON et al.,
Appellant

(195 S. E. (2d) 176)

*Messrs. Baker & Etheridge,* of Darlington, *for Appellant,*

*Messrs. Kilgo & Want,* of Darlington, *for Respondent,*

*Messrs. Baker & Etheridge,* of Darlington, *for Appellant, in Reply.*

March 7, 1973.

BRAILSFORD, Justice.

The sole issue properly presented by the appeal in this divorce action is whether the circuit court erred in refusing the wife's special appearance motion to quash the attempted service of the summons and complaint upon her in the State of Connecticut. The motion was upon the ground that the wife had not subjected herself to the jurisdiction of the South Carolina court and had not been served with process within the State.

The husband and wife, who formerly resided with their two young children in Hartsville, South Carolina, entered into a separation agreement on July 8, 1971. This agreement contemplated that the wife and children should move to her former home in the State of Connecticut, and that the husband should have reasonable rights of visitation there and custody of the children in South Carolina for two months each summer.

While the husband was in Connecticut in June, 1972, for the purpose of picking up the children, he was served with process in an action by which the wife sought a divorce, custody of the children, alimony and other relief. The Connecticut action, in which the husband is represented by counsel, is now pending.

Shortly after returning to South Carolina with the children, the husband undertook to commence this action for divorce and custody of the children in the Court of Common Pleas for Darlington County by personal service upon the wife in Connecticut. The children were also named as defendants and a guardian *ad litem* has been appointed for them.

The circuit judge heard the wife's motion to quash and a motion by the husband for custody of the children during

the pendency of the action on August 22, 1972. The latter motion was submitted on an affidavit of the husband and on oral testimony.

The motion to quash the service of process was denied upon the ground that personal service upon the wife in Connecticut, in lieu of service by publication, was authorized by Section 20-107, Code of 1962. Upon adequate findings supporting its conclusion that the best interests of the children will be served thereby, the court awarded custody of the children *pendente lite* to the husband. The evidence supporting these findings is not included in the record, and properly so, because the wife's challenge to the judgment is jurisdictional. She does not contend that the evidence adduced was insufficient to support the court's findings.

Sections 10-451 through 10-454, Code of 1962, authorize service by publication in certain cases on a defendant who cannot be found within this State. The statute requires that the facts qualifying the case as one for service by publication be presented by affidavit, and that an order for publication be obtained, which shall direct the publication of the summons and its dispatch by mail to the person to be served.

The statute then provides that "(p)ersonal service of the summons out of State shall be equivalent to publication and deposit in the post office, and when such service is had no affidavit, as provided for in § 10-451, order for publication or deposit in the post office shall be necessary." Section 10-455.

By Section 20-107 the provisions of Sections 10-451 to 10-454 with respect to service by publication are made applicable to divorce cases. The concluding sentence of this section, which we quote, effectively adopts Section 10-455 also: "In lieu of publication of summons as provided in §§ 10-451 to 10-454 the plaintiff may cause such process to be served personally upon any nonresident and the service so made shall be sufficient." Since the summons was served on the wife personally in Connecticut, the

requirements of Sections 10-451 to 10-454 as to affidavit and order for publication were dispensed with. Counsel's claim that by the terms of Section 20-107 personal service is only "(i)n lieu of publication of summons" would read out of the statute the words "as provided in Sections 10-451 to 10-454" and is unsound.

The wife is aggrieved by what she regards as a premature finding that she has been guilty of desertion, entitling the husband to a divorce. Suffice it to say that none of the court's findings in this interlocutory order will bind either the parties or the court after a trial on the merits.

The wife having appeared specially to contest the jurisdiction of the court has no standing to raise the other questions argued in the brief.

By her brief in reply, the wife, citing *May v. Anderson,* 345 U. S. 528, 73 S. Ct. 840, 97 L. Ed. 1221 (1952), contends that child custody is a personal right which may not be adjudicated against a nonresident of the state who has been made a party to a divorce action on constructive service. The decision in the cited case rested upon different facts. There, the husband obtained a custody order in a Wisconsin court after constructive service on the wife in Ohio, where she and the children resided. The children were not in Wisconsin when the action was commenced or when the custody order was granted. Here, the children were physically present in the state of their father's domicile when the action was commenced there by him. Under these facts, the court below acquired jurisdiction to determine the issue of custody, although the nonresident wife was not personally served within the State. The Restatement, Conflict of Laws, (2d), Sec. 79 (1971); Nelson on Divorce, Sec. 15.33 (2d ed. 1961); 24 Am. Jur. (2d), Divorce and Separation, Sec. 774 (1966); 27B C. J. S. Divorce § 303, b. (1959); *Hicks v. Hicks,* 193 Ga. 446, 18 S. E. (2d) 754 (1942); *Mankiewicz v. Mankiewicz,* D. C. Mun. App., 177 A. (2d) 913 (1962), and authorities cited therein.

Affirmed.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.