## 30731. SCHOWE v. AMSTER.

HILL, Justice.

The father appeals from an order of the DeKalb Superior Court in a habeas corpus-child custody case which refused to enforce an Indiana modification judgment, retained custody in the mother and revised the father's visitation privileges.

The parties were divorced in Indiana in 1974. Custody of their two-year-old child was given to the mother with visitation rights to the father. The mother married and moved to Georgia with the child. Thereafter, in August 1975, the father obtained a modification judgment from an Indiana court which changed custody to him. At that time the mother and child were residents of Georgia.

In September 1975 the father filed a habeas corpus action in DeKalb Superior Court to enforce the Indiana modification order and to obtain custody of the child. The court refused to enforce the Indiana order on the ground that the mother was not subject to the jurisdiction of the Indiana court. Further, the court found that it was in the best interest and welfare of the child for the mother to retain custody of the child. The court granted visitation rights to the father. The father appeals.

1. The father contends that the trial court erred in refusing to take judicial notice of the Indiana statute which confers continuing jurisdiction over a minor child upon the court which granted the divorce decree. His argument is that if the DeKalb Superior Court allowed the Indiana statute in evidence, the court would have no choice but to enforce the Indiana modification order changing the custody to the father.

The father did not offer into evidence a properly authenticated copy of the Indiana statute. Instead he attempted to rely upon a copy of the statute.

We need not decide whether the court should have taken judicial notice of the Indiana law, because the remainder of the father's argument on this point must fail. The Indiana statute cannot confer jurisdiction on a trial court in Indiana over an out-of-state resident who does not consent to or subject herself in some way to the

jurisdiction of the Indiana Court.

This court has held that where a foreign court changes or fixes custody of a child, not incident to a divorce decree, without personal jurisdiction over the parties to the suit, the judgment so issued need not be recognized under the full faith and credit clause of the Constitution. *Boggus v. Boggus,* 236 Ga. 126 (223 SE2d 103) (1976); *Milner v. Gatlin,* 139 Ga. 109 (76 SE 860) (1912).

The mother was a resident of Georgia when the father obtained a change of custody order from the Indiana court. She did not consent to the jurisdiction of the Indiana court. Therefore the DeKalb Superior Court did not err in refusing to recognize the Indiana modification judgment.

2. At the hearing, the trial court refused to allow the father to testify to facts concerning the mother's taking of the child from the father in Indiana with her to Georgia in July 1975. The court ruled that the testimony was irrelevant and immaterial. The Indiana divorce decree gave the mother custody of the child without any restrictions concerning taking the child out of the state. Thus testimony concerning the removing of the child from Indiana to Georgia would be irrelevant and immaterial.

3. The trial court refused to allow into evidence testimony of the former wife of the stepfather (now married to the mother) about the alleged alcoholic problems of her former husband. The court found that this testimony was too far removed and remote. The father urges that the evidence would be crucial in determining whether or not the custody of the child ought to be granted to the father.

The stepfather and his former wife were married from 1967 to 1974. The conduct she was not permitted to testify to occurred during that period. It was not error for the trial court to find that his actions with another wife in another household several years before are too remote and far removed from the issue now before the court.

4. The father contends that the trial court's judgment which retained custody of the child in the mother is contrary to the law and evidence. Under the

reasonable evidence rule of *Robinson v. Ashmore,* 232 Ga. 498 (207 SE2d 484) (1974), the court did not abuse its discretion in denying the father's petition for change of custody.

5. The 1974 Indiana divorce decree provided that the father "shall have the right to see and visit and to have the temporary custody of said child at all reasonable times upon first having given reasonable notice of his intent in this regard to the wife." The October 1975 order of the DeKalb Superior Court retained the visitation rights as granted in the Indiana final decree of divorce, but added that "The father's visitation shall be limited to the residence of the child and mother and shall be in the presence of the mother. The father shall not remove the child from the residence of the mother, the presence of the mother and shall not, at any time, remove the child from the jurisdiction of this Court." The father complains that the placing of these restrictions on the visitation rights afforded him in the Indiana divorce decree constitutes a denial of full faith and credit.

At the hearing when it was clear that the court was going to award custody to the mother, the father orally asked for reasonable visitation rights. The court heard argument from counsel and then granted visitation privileges with restrictions, determining that the attempts by the father to gain custody of the child warranted the restrictions.

The visitation rights granted the father, although restrictive, were within the discretion of the trial court. We find no reversible error.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 20, 1976 — DECIDED APRIL 27, 1976.

*John L. Westmoreland, Jr., Paul Jordan,* for appellant.

*Rich, Bass, Kidd & Witcher, Casper Rich,* for appellee.