### 36319. VEAZEY v. VEAZEY.

MARSHALL, Justice.

The appellee former wife filed this complaint in the Bibb Superior Court seeking to domesticate a 1970 alimony judgment rendered by the Chancery Court of the First Judicial District of Mississippi and seeking to hold the appellant former husband in contempt for failure to pay alimony as required by the judgment.

The appellant interposed as a defense an order entered by the Chancery Court in 1979 modifying the original divorce and alimony judgment by, among other things, terminating the former wife's alimony. Although the appellee was a Georgia resident at the time the petition for modification was filed, the Chancery Court purported to retain continuing jurisdiction to modify the alimony judgment under Mississippi Code Ann. § 93-5-23 (1972). In the modification suit, the appellee was served by publication pursuant to Mississippi Code Ann. § 13-3-19 (1972), which authorizes service by publication on a nonresident or absent defendant if after "diligent inquiry" the defendant cannot be found and the address of such defendant remains unknown.

The superior court in Georgia ruled that the Chancery Court in Mississippi failed to acquire jurisdiction over the appellee in the modification suit in that the appellant did not in fact make a "diligent inquiry" to determine her whereabouts prior to having her served by publication. Accordingly, the superior court found the appellant in contempt for failure to pay alimony arrearages. This appeal follows. For reasons which follow, we affirm.

"Under the full faith and credit clause of the United States

Constitution, Code § 1-401, a judgment of a foreign court will be enforced by the courts of this state unless it is shown that the foreign court lacked jurisdiction of the person or subject matter or that the judgment was procured by fraud. *Gordon v. Gordon,* 237 Ga. 171 (227 SE2d 53) (1976)." *Dropkin v. Dropkin,* 237 Ga. 768, 770 (229 SE2d 621) (1976).

A personal judgment for alimony cannot be rendered against a nonresident defendant upon service by publication. *Hicks v. Hicks,* 193 Ga. 446 (1) (18 SE2d 754) (1942); *Benefield v. Harris,* 143 Ga. App. 709 (240 SE2d 119) (1977). See also *Whitaker v. Whitaker,* 237 Ga. 895 (230 SE2d 486) (1976); Kulko v. Superior Court, 436 U. S. 84 (98 SC 1690, 56 LE2d 132) (1978). Accordingly, an action for modification of alimony cannot be maintained against a nonresident defendant who has not been personally served or has not waived personal service. *Slowik v. Knorr,* 222 Ga. 669 (151 SE2d 726) (1966). The Mississippi statute, which purports to grant the court rendering the divorce continuing jurisdiction to modify the alimony award, cannot confer personal jurisdiction over a nonresident defendant who has not consented or subjected herself to the jurisdiction of the Mississippi courts. See *Schowe v. Amster,* 236 Ga. 720 (1) (225 SE2d 289) (1976).

At the time of the 1979 modification proceeding in Mississippi, the appellee was a resident of Georgia. She was served by publication in the 1979 modification proceeding, and it cannot be said that she waived personal service. Therefore, the Mississippi court lacked personal jurisdiction over the appellee. Accordingly, we hold that the 1979 modification order is not entitled to full faith and credit in the courts of this state. Under our view of this case, service by publication was ineffective to confer personal jurisdiction over the appellee, regardless of whether the appellant made a "diligent inquiry" to determine the appellee's whereabouts prior to having her so served.

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs in the judgment only.*

SUBMITTED JUNE 6, 1980 — DECIDED SEPTEMBER 4, 1980 — REHEARING DENIED SEPTEMBER 23, 1980.

*Thomas F. Richardson, John Burke Harris, III,* for appellant. *O. Hale Almand, Jr., Philip T. Raymond, III,* for appellee.