## 66989. McKENNA v. STATE OF GEORGIA.

Quillian, Presiding Judge.

We granted this interlocutory appeal from an order of the Superior Court of Cherokee County in an action under the Uniform Reciprocal Enforcement of Support Act (URESA) (OCGA § 19-11-40 et seq. (Code Ann. § 99-901a et seq.)), by the mother seeking enforcement of a URESA petition filed in West Virginia.

JoAnn and John McKenna were married on October 9, 1965. On May 5, 1968, Kelly was born. On October 9, 1970 a divorce was granted the parties in Hancock County, West Virginia. The mother was given custody of the child and the father was ordered to pay $125.00 monthly to the mother: "Seventy-five ($75.00) Dollars for support, maintenance and education of the infant child, and Fifty ($50.00) Dollars as alimony for the plaintiff . . ." Thereafter the father moved to Georgia. He has made all payments of child support and alimony under the West Virginia decree.

In September 1981, the mother petitioned the Circuit Court of Hancock County, West Virginia, for additional child support and alimony for herself based on a "change of circumstances . . ." In December 1981, the West Virginia court "being of the opinion that a change of circumstances had clearly been established by the Petition" ordered the father to pay "Three Hundred Dollars ($300.00) per month for the support, maintenance and education of the infant child and an additional One Hundred Dollars ($100.00) per month as alimony for the plaintiff . . ." In June 1982, the mother filed a URESA petition in Monongelia County, West Virginia, alleging that she and child were entitled to the sum of $400.00 "plus arrears" from her former husband and alleged that he had "refused and neglected to provide fair and reasonable support for petitioner and the other dependent . . ." The URESA petition was forwarded to Georgia and the District Attorney for the Blue Ridge Judicial Circuit duly filed the URESA petition in Cherokee County — the legal

residence of the father.

The defendant/father answered and alleged he has been a resident of Georgia for eleven years. He was current in payment of alimony and child support payments of the original divorce decree of Hancock County, West Virginia. That fact is not contested. The father was a resident of Georgia when he was served, by certified mail, with a copy of his former wife's petition — filed in West Virginia, for an increase in alimony and child support because of a "change of circumstances," in September 1981. He did not answer, respond, or appear in West Virginia. He contends he was not within the jurisdiction of the West Virginia court for an action which increased his alimony and child support payments.

The Georgia trial court concluded that "this is simply another case to enforce a 'duty of support' where an out-of-state petitioner alleges a need. That need of support and the alleged duty of support are then matters for determination before the responding Court to be decided under Georgia law...Proceedings in the West Virginia courts valid or invalid are not before this Court . . ."

The father petitioned this Court for interlocutory appeal and we forwarded the application to the Supreme Court as it involved modification of an original divorce decree increasing an award of alimony to the former wife. The Supreme Court returned the application to this Court with the comment that this was "a suit for support" within the jurisdiction of this Court. Accordingly, we granted application for this interlocutory appeal to examine our new found jurisdiction, the Georgia Constitution notwithstanding (Art. VI, Sec. II, Par. IV (1976 Ga. Const.) (Code Ann. § 2-3104)), to determine if a court of a sister state can modify a divorce decree to grant an increase in alimony to an ex-wife, and increase support for a child, when the ex-husband is resident in Georgia and is served by certified mail. *Held:*

Although not articulated as such, the issue presented by this appeal is whether the URESA process can be used by a former wife to revise upward an existing divorce decree where the former husband is resident in a state different from that of the mother and children; or whether the former wife is required to utilize other legal process in the state of residence of the former husband to revise upward a divorce decree extant.

The Uniform Laws Commissioner's Prefatory Note states that the purpose of URESA "has been, and is, not to create new duties of support but to provide by reciprocal legislation for the enforcement, across state lines, of duties of support already existing." 9A ULA 748. Stated differently, the purpose of URESA is to enforce existing duties or court orders of support and not to create new and higher

duties of support. URESA has a provision for interstate application where the father lives in a state different from the mother and children. "In a nutshell, this two-state proceeding is as follows: It opens with an action (Section 9) which normally will be commenced in the state where the family has been deserted (the initiating state). A very simplified petition is filed (Section 10). The judge looks it over to decide whether the facts show the existence of a duty of support and if they do he sends the petition and a copy of this Act to a court of the responding state to which the husband has fled or in which he has property (Section 13). That court will take the steps necessary to obtain jurisdiction of the husband or his property, will hold a hearing (Section 17) and if the court finds that a duty of support exists, it may order the defendant to furnish support . . ." 9A ULA 753. Hence, it is evident that the purpose of the act is to enforce the duty of support upon a father who deserts his family and moves to another jurisdiction. It is not the purpose of the act to increase the amount of support of an existing decree upon a nonresident defendant who is complying with the existing order of support.

This Court addressed a similar problem in *Bisno v. Biloon,* 161 Ga. App. 351 (291 SE2d 66) — an intrastate URESA action in which the former wife brought a URESA petition to increase the amount of child support from $250 to $1,100 per month because of a "change of circumstances" reflected by a substantial increase in her former husband's income. In Georgia the judgment of a court providing for permanent alimony for the support of the wife, or children, or both, is subject to revision upon a petition filed by either the husband or wife showing a change in income and financial status of the husband. *McClain v. McClain,* 241 Ga. 422 (2) (246 SE2d 187). However, OCGA § 19-6-26 (formerly Code Ann. § 30-225.1) provides that "[s]o long as a party against whom is rendered a permanent alimony judgment remains in or is domiciled in this state, the exclusive procedure for the modification of the judgment shall be by a proceeding instituted for such purposes in the superior court of a county in which venue is proper." See *Bisno v. Biloon,* 161 Ga. App. at 352. "Therefore, the duty to support in Georgia where there has been a prior award in this state of child support is to make such payments as are required under that award until such time as that duty is modified pursuant to the procedure established by Code Ann. § 30-220 et seq. [now OCGA §§ 19-6-18 and 19-6-19] and no court of this state has authority to modify that duty otherwise." 161 Ga. App. at 352. We reasoned that a permanent award of child support is res judicata and judicially established the duty of the obligor to payment of support in that amount until a modification of that duty is secured through the exclusive procedure of either OCGA §§ 19-6-18 or 19-6-19 (Code Ann.

§ 30-220 et seq.). Hence, "a Georgia court has no authority to entertain a URESA petition which asks for a modification of a prior award of child support by a court of this state. Modification of a Georgia award of child support is not a remedy provided for by URESA because, under the applicable laws of this state, the duty to provide support in an amount greater or lesser than that provided for by the prior award is imposable only under the provisions of [OCGA §§ 19-6-18 or 19-6-19 (Code Ann. § 30-220 et seq.)]. Therefore, contrary to the trial court's interpretation of URESA in the instant case, ' "(a)ny order of support issued by a court of this State when acting as a responding (court) shall not supersede any previous order of support issued in a divorce or separate maintenance action..." ' " 161 Ga. App. at 353. We found that "[t]he proper, and in our opinion the exclusive, remedy to secure an upward *modification* of a Georgia award of child support as opposed to the enforcement of an existing duty to support, is [OCGA §§ 19-6-18 or 19-6-19 (Code Ann. § 30-220 et seq.)]." 161 Ga. App. at 354.

Our law, as it applies to intrastate URESA actions, is equally applicable to interstate URESA actions. In *Schowe v. Amster,* 236 Ga. 720 (225 SE2d 289), the parties had been divorced in Indiana and custody of a minor child was given to the mother who remarried and moved to Georgia. The father remained in Indiana and obtained a modification of the original divorce decree in the same Indiana court which changed custody of the child to himself. He came to Georgia and filed a habeas corpus action to obtain custody of the child. We refused to recognize the Indiana judgment which changed custody even though an Indiana statute conferred continuing jurisdiction over a minor child upon the court which granted the divorce decree. Our Supreme Court held that "[t]he Indiana statute cannot confer jurisdiction on a trial court in Indiana over an out-of-state resident who does not consent to or subject herself in some way to the jurisdiction of the Indiana Court.... [W]here a foreign court changes or fixes custody of a child, not incident to a divorce decree, without personal jurisdiction over the parties to the suit, the judgment so issued need not be recognized under the full faith and credit clause of the Constitution." Id. See also *Ray v. Ray,* 247 Ga. 467, 469 (277 SE2d 495) in which it was stated "[i]f an intrastate support obligor wants modification of the child support provisions of a divorce and alimony decree, he or she can bring a suit for modification under Code Ann. § 30-220 [now OCGA §§ 19-6-18 and 19-6-19]."

The Supreme Court was confronted in *Veazey v. Veazey,* 246 Ga. 376 (271 SE2d 449), with a case in which the former wife was attempting to domesticate a 1970 Mississippi alimony judgment. The former husband interposed a subsequent Mississippi decree

modifying the original divorce and alimony judgment which terminated the wife's alimony. At that time the husband was a resident of Mississippi and the wife was resident in Georgia. The Mississippi court purported to retain jurisdiction to modify the amount of alimony pursuant to a Mississippi statute. The wife was served in the Mississippi modification action by publication. The Supreme Court held that "[a] personal judgment for alimony cannot be rendered against a nonresident defendant . . . who has not been personally served or has not waived personal service. [Cit.] The Mississippi statute, which purports to grant the court rendering the divorce continuing jurisdiction to modify the alimony award, cannot confer personal jurisdiction over a nonresident defendant who has not consented or subjected herself to the jurisdiction of the Mississippi courts." Id. at 377.

This Court, in *Bisno v. Biloon,* 161 Ga. App. 351, 353, supra, noted that it was not the intent of the Georgia Legislature in enacting URESA to deny resident obligors the right to a jury trial on the issue of "change in condition" by being prosecuted in a "quasi-criminal" proceeding by a law enforcement official of this State representing the spouse who desires more alimony or support. In effect, the present action is an attempt by an ex-wife to increase her alimony judgment by using the West Virginia and Georgia District Attorneys to prosecute her former husband who has fully complied with the original divorce decree, rather than utilize available legal process, with her personal lawyer, to modify the original award in accordance with the applicable statute — OCGA § 19-6-18 (Code Ann. § 30-220 et seq.).

The trial court should have dismissed the URESA action as soon as it determined there was an original divorce decree providing for a set amount of alimony for the wife and child support, and that the obligor had fully complied with that decree. Although the West Virginia court purported to retain jurisdiction of the divorce decree adjudging alimony and support, that statute could not confer personal jurisdiction over the defendant obligor when he was then a resident of Georgia. *Veazey v. Veazey,* 246 Ga. 376, 377, supra. The West Virginia modified judgment was not entitled to recognition under the full faith and credit clause of the Constitution. Id. Last, a URESA action is not an appropriate procedure to use to obtain modification of a prior award of alimony or child support. *Bisno v. Biloon,* 161 Ga. App. 351, 353, supra. The exclusive method of obtaining modification of a prior award of alimony and child support is under either OCGA §§ 19-6-18 or 19-6-19 (Code Ann. § 30-220 et seq.). Id. In the instant case the mother could have domesticated the original divorce decree and then moved for modification under

OCGA § 19-6-18 (Code Ann. § 30-220 et seq.). *Blue v. Blue,* 243 Ga. 22, 23 (252 SE2d 452).

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED NOVEMBER 30, 1983 —
REHEARING DENIED DECEMBER 16, 1983 —

*Kipling L. McVay,* for appellant.

*Rafe Banks III, District Attorney, Kathleen A. Buchanan, Assistant District Attorney,* for appellee.

*Joseph L. Chambers, Charles T. Shean III, Robert E. Wilson, District Attorney, Robert Statham, Assistant District Attorney,* amici curiae.