38108. BARFIELD *v.* HARRISON.

DECIDED APRIL 12, 1960.

*Carl E. Westmoreland,* for plaintiff in error.

*William M. West, Solicitor-General, Jack J. Gautier, Assistant Solicitor-General,* contra.

BELL, Judge. Whatever the status of the law in regard to a final award of support money for a child prior to 1951, it is clear that under the Uniform Support of Dependents Law (Ga. L. 1951, p. 107), in effect at the time the judgment for divorce herein

was rendered and the support award made, a father continues liable for support of his children, and no decree made since the effective date of such act for the support of children entered in any divorce proceeding is a final and unalterable adjudication precluding a later adjustment, and therefore the plea of res judicata was properly overruled. Georgia Laws 1951, § 3 (a), p. 109 and § 3 (c), p. 110, in effect at the time of the support money award in issue in this case, clearly places a continuing duty upon the father to support his children under 17 years of age. Georgia Laws 1951, § 3 (g), p. 110 further provides: "Notwithstanding the fact that the respondent has obtained in any State or country [sic] a final decree of divorce or separation from his wife or a decree dissolving his marriage, the respondent shall be deemed legally liable for the support of any dependent child of such marriage."

This Uniform Support of Dependents Law (Ga. L. 1951, p. 107) was repealed and a substitute act entitled Uniform Reciprocal Enforcement of Support Act (Ga. L. 1958, p. 34), was in effect at the time of the filing of the mother's petition in the instant case in Bibb Superior Court. As to matters at issue in this case, the new Uniform Reciprocal Enforcement of Support Act has no legal variance from the act in effect at the time of the agreement between the parents for support of the child or at the time of the approval of the contract by the court and its inclusion in the divorce decree. The relevant section of this act is as follows (Ga. L. 1958, p. 36, § 2 (6) (a)): "A husband in one State is hereby declared to be liable for the support of his wife in conformity with the support laws of this State, and any child or children under 18 years of age and residing or found in the same State or in another State having substantially similar or reciprocal laws, and, if possessed of sufficient means or able to earn such means, may be required to pay for this support a fair and reasonable sum according to his means, as may be determined by the court having jurisdiction of the defendant in a proceeding instituted under this act. Notwithstanding the fact that either spouse has obtained in any State or county a final decree of divorce or separation from the other spouse or a decree dissolving their marriage, the obligor herein shall be deemed legally liable for the support under this

Act of any dependent child of such marriage, whether or not there has been an award of alimony or support for said child or children."

It is clear then under the law existing at the time of the support contract and the decree adopting this contract, that this award was not res judicata so as to preclude a subsequent action for adjustment and determination of needed support. It is also clear that the law existing at the time of the petition in Bibb Superior Court provided for adjustment of any support award, although there had been a determination of the matter in a prior divorce proceeding.

In the light of Ga. L. 1958, p. 36, § 2 (6) (a), it is also clear that the petition stated a cause of action, and the demurrers were properly overruled.

The trial court did not err in overruling the plea of res judicata or in overruling the demurrers to the petition.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*