## 27429.   DEESE v. DEESE.

NICHOLS, Justice. In May of 1971 a divorce was granted between Linnie Diane Deese and John A. Deese. An agreement as to alimony, child support and other matters was made a part of such decree, under the terms of which the husband was required to pay $175 per month for child support until such time as the children reached the age of 21, married, died or became self-supporting. In November of 1971 the wife filed an application for attachment for contempt in which it was alleged that the husband had not made such payments nor paid attorney's fees as were required to be paid under the original decree. A rule nisi was issued, hearings were held, and on May 18, 1972 a final

adjudication was made in which the husband was held in contempt of court but was permitted to purge himself of such contempt "by paying to plaintiff, Linnie Diane Deese, child support in the amount of $100.00 per month beginning on the 19th day of April, 1972, and continuing for a period of one year and by further paying to the plaintiff, Linnie Diane Deese, the sum of $25.00 per month on the past due child support beginning on the 19th day of April, 1972, and continuing for a period of one year, and in default of the defendant's failure to so purge himself by his failure to pay any one monthly payment as provided for herein, let the said John Anthony Deese be committed to the common jail of Laurens County, Georgia, and the Sheriff of said County is hereby commanded to comply with this order. Further ordered that plaintiff have and recover of defendant judgment for attorney's fees in the amount of $500.00 for plaintiff's attorney and all costs."

The wife appeals from this final judgment and the sole enumeration of error complains of that part of the judgment reducing the amount of alimony and child support to be paid for a period of one year. *Held:*

"The judgment making the agreement of the parties the judgment of the court in the divorce and alimony action was the final adjudication of the liability of the appellant, and a proceeding to hold him in contempt was merely one method of enforcing that judgment. It has been repeatedly held that the trial judge has no authority in a contempt proceeding to modify the terms of a divorce and alimony judgment. *Roberts v. Mandeville,* 217 Ga. 90 (121 SE2d 150); *Booker v. Booker,* 219 Ga. 358, 360 (133 SE2d 353); *Vickers v. Vickers,* 220 Ga. 258, 259 (138 SE2d 308)." *Beach v. Beach,* 224 Ga. 701, 702 (161 SE2d 114).

"Where a father has been required by a final decree in a divorce case to pay a designated amount periodically as

permanent alimony for the support of the minor children of the marriage, he may in a proper action brought under Code Ann. §§ 30-220, 30-221, 30-222, 30-223, 30-224, and 30-225 (Ga. L. 1955, pp. 630-632, as amended by Ga. L. 1957, pp. 94-96), show that his financial condition has changed, and obtain a judgment decreasing the amount he must pay. However, until and unless such proceedings are instituted conformant with the provisions of Code Ann. § 30-220, supra, the original permanent alimony decree is res judicata as to the amount the father must pay for the support of the children." *Roberts v. Mandeville,* 217 Ga. 90, 92, supra.

Where, as in the present case, on a hearing of the rule for contempt no question of modifying the verdict or reducing the amount of alimony awarded by the jury was before the court, it was within the power of the court to provide the imposition of terms for the payment of past due instalments (*Curtright v. Curtright,* 187 Ga. 122 (200 SE 711)), but the court was without authority to modify the original decree by providing that the husband could make future payments, even for a one year period, in a lesser amount than he was required to make under the original decree. Accordingly, that part of the judgment holding the husband in contempt of court which reduced the amount of future payments the husband was required to make was error and must be reversed.

*Judgment affirmed in part; reversed in part. All the Justices concur, except Hawes, Gunter and Jordan, JJ., who dissent.*

SUBMITTED SEPTEMBER 12, 1972 — DECIDED FEBRUARY 8, 1973.

*Bennett, Pedrick & Bennett, E. Kontz Bennett, Jr.,* for appellant.