### 48176. HAIRE v. BRANCH.

EVANS, Judge. Sherry Dianne Branch filed a complaint under the Georgia Uniform Reciprocal Enforcement of Support Act (Ga. L. 1958, p. 34; Code Ann. Ch. 99-9a) in the Superior Court of Tift County by and through W. J. Forehand, the District Attorney. The complaint was against her former husband, James Joel Haire, and sought support for their minor child in the amount of "$100 per week (month)." These proceedings were transferred to Muscogee Superior Court, as defendant Haire was at that time serving in the armed forces at Ft. Benning.

The case came on for hearing and defendant was ordered to pay $120 per month to the adult probation officer of Muscogee County until the minor child attained the age of 18 years of age, or dies, or marries or becomes self-supporting. The payments were ordered tranferred to the Clerk of the Tift County Superior Court for the use and benefit of said minor child.

The defendant appeals from the aforesaid judgment. A transcript of the hearing is not before this court, but the two contentions of the defendant are that there was no jurisdiction in the Superior Court of Muscogee County to hear the uniform support proceeding and that the pleadings were defective on their face in that they failed to show that there had been a material change in the financial position of the defendant. *Held:*

The Uniform Reciprocal Enforcement of Support Act provides additional remedies to those now existing within the states for support of dependent children. Further, Section 4 of the Act authorizes the use of these remedies intra-state to compel the support of a minor child where both the obligee and obligor are residing or domiciled in different counties of the State of Georgia. There is no merit in the contentions of the plaintiff that the court lacked jurisdiction to make the award in this instance, or that the

pleadings were defective on their face. While the plaintiff might have had an adequate remedy under Code §§ 30-220, 24-105 and 30-219, or possibly some other law of the State of Georgia, nevertheless, the remedies provided by this Act are in addition to any and all other remedies now existing.

*Judgment affirmed. Hall, P. J., and Clark, J., concur.*

SUBMITTED MAY 8, 1973 — DECIDED MAY 30, 1973.

*Kearns & Bryan, Thomas R. Bryan, Jr.,* for appellant.
*E. Mullins Whisnant, District Attorney,* for appellee.