## 49084. ZIMMERMAN v. ZIMMERMAN.

PANNELL, Judge.

This case arises under the Uniform Reciprocal Enforcement of Support Act, Ga. L. 1958, pp. 34, 47 (Code Ann. § 99-901a et seq.), hereinafter referred to as the Act. The parties, parents of a daughter, were divorced on August 10, 1964 in the Commonwealth of Pennsylvania. A custody and support agreement had been executed on June 9, 1964, whereby custody was awarded to the mother and the father agreed to pay the mother the sum of $60.00 per month for the care, support, maintenance, education and medical expenses until the child reached the age of eighteen. Payments have been made as agreed and are current. On August 6, 1973, appellant filed a petition in an appropriate Indiana court under the Act alleging she required increased support payments of $30.00 per week. A judge of that court so found and certified the required papers to the clerk of DeKalb Superior Court. After consideration of the petition, evidence by the appellee and briefs of the parties, the trial court entered an order finding that appellant was not entitled to the relief sought and granted appellee's motion to dismiss. From this order appellant appeals. *Held:*

The basic issue requiring resolution is whether, under the facts of this case, a petition may be considered under the Act, or whether an increase in support

payments is limited to recourse to Ga. L. 1955, pp. 630, 631, which provides for revision of support to meet current financial circumstances of the husband.

The remedies provided under the Act are in addition to and not in substitution of any other remedies. Ga. L. 1958, pp. 34, 37 (Code Ann. § 99-904a). This is a reflection of the public policy of Georgia in this area, which the General Assembly established through the enactment of the Uniform Support of Dependents Law (Ga. L. 1951, p. 107) and its subsequent enactment of the Act here under attack. In *Barfield v. Harrison,* 101 Ga. App. 497 (114 SE2d 302) this court noted that there had been no legal variance between the two Acts and quoted from the Act the "Duty of Support," which concludes: "Notwithstanding the fact that either spouse has obtained in any State or county a final decree of divorce or separation from the other spouse or a decree dissolving their marriage, the obligor herein shall be deemed legally liable for the support under this Act of any dependent child of such marriage, whether or not there has been an award of alimony or support for said child or children." (Ga. L. 1958, p. 36, § 2 (6a)). The opinion then states, in pertinent part: "[T]his award was not res judicata so as to preclude a subsequent action for adjustment and determination of needed support. It is also clear that the law . . . provided for adjustment of any support award, although there had been a determination of the matter in a prior divorce proceeding." In *Haire v. Branch,* 129 Ga. App. 164, 165 (199 SE2d 127), this court also held: "The Uniform Reciprocal Enforcement of Support Act provides additional remedies to those now existing within the states for support of dependent children . . . While the plaintiff might have had an adequate remedy under Code §§ 30-220, 24-105 and 30-219, or possibly some other law of the State of Georgia, nevertheless, the remedies provided by this Act are in addition to any and all other remedies now existing." To hold, as appellee would have us, that the statute applies only in cases of actual *non-support* would violate what we view the plain and unambiguous intent of the Legislature. This we decline to do.

The trial court erred in granting the appellee's

motion to dismiss and in failing to determine whether there was a duty to furnish additional support.

*Judgment reversed. Eberhardt, P. J., concurs. Evans, J., concurs in the judgment only.*

ARGUED FEBRUARY 7, 1974 — DECIDED APRIL 3, 1974.

*Richard Bell, District Attorney, Edward H. Kellogg, Jr., Leonard W. Rhodes,* for appellant.

*Sneed, Roberts & Associates, B. J. Roberts,* for appellee.