37085. RAY v. RAY.

HILL, Presiding Justice.

This case presents the first occasion for this court to construe the intrastate application of the Uniform Reciprocal Enforcement of Support Act (URESA, Code Ch. 99-9A). We granted appellant's application to appeal under Code Ann. § 6-701.1.

The parties to this action were divorced in November of 1974 in DeKalb Superior Court. They entered into an agreement incorporated into their divorce decree which provided that the father would pay $700 per month support for the two minor children. Shortly after the divorce, the father moved to Chatham County, where he became in arrears in his payments. The mother has moved to Henry County with the children. In May of 1977, the mother filed an action under URESA in Henry County seeking enforcement of her rights to child support under the DeKalb County divorce decree. In accordance with the procedure under URESA (Code Ann. § 99-913a), the Henry Superior Court transmitted the papers to Chatham Superior Court where the mother was represented by the district attorney. The Chatham judge determined that the father was able to pay $200 per month child support and it was so ordered in July, 1977.

In 1980, the mother filed a contempt action in DeKalb Superior Court based on the father's failure to pay $700 per month child support in accordance with the 1974 DeKalb divorce decree. Based on his compliance with the URESA order, the father moved for summary judgment in the contempt action.[1] The trial court denied the motion; found that the father was not in wilful contempt; increased his support payments to $300 per month; and ordered him to pay $1500 toward accrued arrearages of $26,500. The father appeals, enumerating three errors.

The father first argues that an intrastate URESA action constitutes a modification under Code § 30-220 (a) inasmuch as they are virtually identical proceedings. Secondly, he argues that the Chatham Superior Court had jurisdiction to modify the previous support order in the URESA proceeding. Finally, the father argues that his compliance with the Chatham URESA order precludes arrearages from accruing.

While URESA has been thought of as being primarily for use interstate, it has intrastate application as well. Code Ann. § 99-905a provides in part as follows: "A proceeding to compel support under this Chapter may be maintained where both the obligee and the obligor are residents of or domiciled or found in different counties of this State. Whenever a proceeding under this Chapter is so used, what has been written in other parts of this Chapter as 'initiating State' shall be read as if written 'initiating county,' and where it is written as 'responding State' shall be read as if written 'respondent county.' "

---

[1] The parties do not dispute that the father has complied with the Chatham County URESA order.

Implementing the above directive, Code Ann. § 99-927a reads as follows: "Any order of support issued by a court of this State when acting as a responding [county] shall not supersede any previous order of support issued in a divorce or separate maintenance action, but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both." Thus, the Chatham URESA order did not supersede the DeKalb divorce decree ordering child support; and by the same token, the URESA order did not constitute a modification of the DeKalb support order as if it were a proceeding under Code Ann. § 30-220 (a). See also Code Ann. § 99-904a. Moreover, the amounts paid pursuant to the URESA order are to be credited against amounts accrued under the DeKalb support order; and conversely, compliance with the URESA order does not prevent arrearages from accruing under the DeKalb support order.[2] If the rules were otherwise, support obligors could repeatedly not pay child support so as to force the other party to institute a URESA action seeking payment of support, in which URESA action the obligor could seek a downward modification of child support. The purpose of URESA is to improve the enforcement of the duty of support, Code Ann. § 99-902a, not to impair that duty. If an intrastate support obligor wants modification of the child support provisions of a divorce and alimony decree, he or she can bring a suit for modification under Code Ann. § 30-220. The obligor is not entitled to precipitate a URESA action in order to obtain modification.

The father cites *Lamb v. Lamb,* 241 Ga. 545 (246 SE2d 665) (1978), in support of his argument that URESA and modification under Code § 30-220 provide collateral relief. In that case, a Texas resident brought a URESA action in March of 1977 against her former husband, a Georgia domiciliary. She sought an increase in child support (from $200/month to $1000/month) based on an alleged increase in his income. URESA relief was denied and seven months later, she brought an action for modification under Code § 30-220. The trial court dismissed; she appealed. Since she had brought the modification action within two years of a prior, unsuccessful URESA action for increased child support, we affirmed the dismissal based on the two-year requirement of Code Ann. § 30-220. *Lamb* holds that where a party has unsuccessfully brought a URESA action seeking an increase in child support that party may not seek an increase in child support under Code Ann. § 30-220 within

---

[2] *Zimmerman v. Zimmerman,* 131 Ga. App. 567 (206 SE2d 583) (1974), is not contrary to our holding here.

two years. In the case before us, the mother does not seek an increase in child support under Code Ann. § 30-220; she seeks enforcement of the original divorce decree ordering child support. *Lamb* therefore is inapplicable here.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 15, 1981.

*William P. Smith III*, for appellant.
*Sam G. Dickson*, for appellee.