## 62631. BISNO v. BILOON et al.

CARLEY, Judge.

The instant appeal raises issues concerning the intrastate applicability of the Georgia Uniform Reciprocal Enforcement of Support Act (URESA), Code Ann. § 99-901a et seq. The marriage between appellant-husband and appellee-wife was dissolved by a final judgment and decree of divorce entered by the Superior Court of Clayton County in 1974. The divorce decree provided that appellant would pay $250 per month as child support for each of his two children. It is undisputed that appellant has been in full compliance with his child support obligation under the Clayton County divorce decree. However, in 1980 appellee filed a URESA petition in Bibb County, the county of her residence. Attached to appellee's petition was her affidavit, in which she asserted that appellant "should be required to pay" as child support "$1,100.00 per month ($550.00 per child)." Also attached to her petition was appellee's unsworn statement that "[t]he present amount of child support [$250 a month per child] is, ... ., the original amount ordered in 1974 and does not reflect the substantial change of circumstances in [appellant's] income and the cost of caring for the children as they grow." Pursuant to the order of the Superior Court of Bibb County, appellee's petition was transmitted to the Superior Court of Fulton County, the county of appellant's residence. The Superior Court of Fulton County found that a URESA petition was a proper procedural vehicle by which to seek a modification of a valid and existing judgment awarding child support, that the Clayton County decree was not res judicata as to the amount of child support to be paid by appellant until modified pursuant to Code Ann. § 30-220 et seq. and that appellant's child support obligation should be modified upward to $350.00 per month for each of his children. It is from this URESA order modifying and increasing his child support payments that appellant appeals.

URESA has intrastate application. Code Ann. § 99-905a. Also, "[t]he remedies of [URESA] are in addition to and not in

substitution of any other remedies." Code Ann. § 99-904a. Thus the issue for resolution in the instant appeal is whether URESA, in addition to Code Ann. § 30-220 et seq., may be used for the modification of a Georgia judgment awarding child support.

The purpose of URESA is to improve and extend the enforcement of duties of support. Code Ann. § 99-902a. "Duties of support applicable under [URESA] are those imposed or imposable under the laws of any State where the obligor was present during the period for which support is sought. The obligor is presumed to have been present in the responding State during the period for which support is sought until otherwise shown." Code Ann. § 99-907a. Thus, where the URESA obligor was present in Georgia during the relevant time, it is the laws of this state regarding the duties to support that are at issue.

Under the laws of this state the provisions of Code Ann. § 30-220 et seq. apply to the Clayton County decree awarding child support. Code Ann. §§ 30-223.1 and 30-225.1 (c). Under former Code Ann. § 30-220 (Ga. L. 1955, pp. 630, 631, as amended by Ga. L. 1964, pp. 713, 714) which is applicable to the 1974 Clayton County decree under the holding in *McClain v. McClain,* 241 Ga. 422 (246 SE2d 187) (1978), "[t]he judgment of a court providing permanent alimony for the support of a wife or child or children, or both, shall be subject to revision upon petition filed by either the husband or the wife showing a change in the income and financial status of the husband." Also under the laws of this state, until such a petition is brought the original permanent decree is res judicata as to the amount a father is obligated to pay for the support of his children. *Roberts v. Mandeville,* 217 Ga. 90, 92 (121 SE2d 150) (1961). Likewise, under Code Ann. § 30-225.1 (a), "[s]o long as a party against whom is rendered a permanent alimony judgment remains or is domiciled in this State, the exclusive procedure for the modification of such judgment shall be by a proceeding instituted for such purposes in the superior court of the county in which venue is proper." Therefore, the duty to support in Georgia where there has been a prior award in this state of child support is to make such payments as are required under that award until such time as that duty is modified pursuant to the procedure established by Code Ann. § 30-220 et seq. and no court of this state has authority to modify that duty otherwise. *Roberts,* 217 Ga. 90, supra; *Deese v. Deese,* 230 Ga. 105 (196 SE2d 16) (1973).

Since, under URESA, the courts are compelled to enforce the duties of support "imposed or imposable" under the laws of this state and the law of this state provides that a permanent award of child support by a Georgia court is res judicata and judicially establishes the duty of the obligor until a modification of that duty is secured

through the exclusive procedure of Code Ann. § 30-220 et seq., it follows that a Georgia court has no authority to entertain a URESA petition which asks for a modification of a prior award of child support by a court of this state. Modification of a Georgia award of child support is not a remedy provided for by URESA because, under the applicable laws of this state, the duty to provide support in an amount greater or lesser than that provided for by the prior award is imposable only under the provisions of Code Ann. § 30-220 et seq. Therefore, contrary to the trial court's interpretation of URESA in the instant case, " '[a]ny order of support issued by a court of this State when acting as a responding [court] shall not supersede any previous order of support issued in a divorce or separate maintenance action . . . 'Thus, the . . . URESA order [does] not supersede the . . . divorce decree ordering child support; and by the same token, the URESA order [does] not constitute a modification of the . . . support order as if it were a proceeding under Code Ann. § 30-220 (a)." *Ray v. Ray,* 247 Ga. 467, 469 (277 SE2d 495) (1981).

That such an interpretation of URESA is necessary as well as required is readily apparent. By its very title and stated purpose URESA is a law which seeks to improve the *enforcement* of the duty to support. To hold that URESA provides an additional procedure for the modification of that duty which has been established by a previous judicial determination would, in effect, emasculate and obviate our modification statute. Under the interpretation of URESA advanced by appellee and adopted by the trial court, the "exclusive" procedure of Code Ann. § 30-220 et seq. would be "exclusive" only in the very limited case where both the obligee and the obligor were residents of the same county of this state. Under appellee's interpretation of URESA, a resident obligor on a prior Georgia judicial award of child support could have his duty to support modified in a proceeding which is instituted by filing a petition not in the county of his residence but in the county of residence of the obligee, which is then "prosecuted" by a district attorney in a hearing in which the obligor's defenses are limited (Code Ann. § 99-938a (a)) and at which, pretermitting the terms of the prior award or a change of condition subsequent thereto, the court need only find a "duty of support" (Code Ann. § 99-920a).

We do not believe the intent of the General Assembly in enacting URESA was that resident obligors on prior judicial awards of child support be denied the right to a jury trial on the issue of change of condition by being "prosecuted" in a quasi-criminal hearing at which a law enforcement official of this state represents the obligee. " 'The whole purpose of the law is to require a respondent husband to support his dependents, and the Legislature could never have

intended that a state attorney of this state, a public prosecuting official, who represents the dependents in such a proceeding, should be transformed into an attorney representing a private client in a divorce suit.' [Cit.]" *Thibadeau v. Thibadeau,* 133 Ga. App. 154, 156 (210 SE2d 340) (1974).

When the General Assembly enacted Ga. L. 1979, pp. 466, 495 and amended URESA to redefine "duty of support," it made its legislative intent manifest: "it is the intent of the General Assembly and of this Act that no contract made or judgment, order, or decree rendered prior to the effective date of this Act should be overturned, modified, or disturbed except to the extent absolutely required by the Constitution of this State or of the United States. *Nothing in this Act, however, shall be construed to prohibit modification of judgments, decrees, or orders to the extent such modification is expressly authorized by statute.*" (Emphasis supplied.) Ga. L. 1979, pp. 466, 469. Thus it is the apparent intent of the General Assembly that URESA, which addresses the enforcement of the "duties of support," *not* be construed as a vehicle for denying modification as otherwise authorized by law. Under appellee's interpretation, URESA, not only would provide her a vehicle for securing modification of the prior award it would also deny appellant the benefit of the modification statute. The proper, and in our opinion the exclusive, remedy to secure an upward *modification* of a Georgia award of child support as opposed to the enforcement of an existing duty to support, is Code Ann. § 30-220 et seq. "The purpose of URESA is to improve the enforcement of the duty of support . . . If [a] support oblig[ee] wants [an upward] modification of the child support provisions of a [Georgia] divorce and alimony decree, he or she can bring a suit for modification under Code Ann. § 30-220. The oblig[ee] is not entitled [to evade the provisions of Code Ann. § 30-220 et seq. and] to precipitate a URESA action in order to obtain modification." *Ray,* 247 Ga. at 469, supra. Accordingly, we interpret the language of Code Ann. § 99-910a that a URESA petition states a cause of action if "the obligee is in need of support" as meaning that a cause of action is stated if and only if there is no otherwise enforceable and adjudicated "duty to support" under the laws of this state. See *Barfield v. Harrison,* 101 Ga. App. 497 (114 SE2d 302) (1960) (waiver of child support in decree void and unenforceable under *Livsey v. Livsey,* 229 Ga. 368 (191 SE2d 859) (1972)). In view of our holding in the instant case, *Haire v. Branch,* 129 Ga. App. 164 (199 SE2d 127) (1973) is overruled insofar as it evinces a different construction of URESA.

We do not reach the issue in this case of whether a URESA petition seeking an upward modification of another state's award of

support is cognizable in the courts of this state. See *Zimmerman v. Zimmerman,* 131 Ga. App. 567 (206 SE2d 583) (1974); *Konscol v. Konscol,* 151 Ga. App. 696 (261 SE2d 438) (1979). We would, however, reiterate that URESA provides for the *enforcement* of duties to support. The courts of this state have no authority to *modify* a final decree of a foreign state awarding permanent alimony for the support of minor children. *McGuire v. McGuire,* 228 Ga. 782 (187 SE2d 859) (1972). The proper procedure through which to secure a *modification* of a foreign decree is to first obtain its domestication in this state. *Blue v. Blue,* 243 Ga. 22 (252 SE2d 452) (1979).

The trial court in the instant case had no authority under URESA to revise upwards appellant's duty to provide child support previously established under the unmodified Clayton County decree. Therefore, the judgment must be reversed.

*Judgment reversed. Quillian, C. J., McMurray, P. J., Shulman, P. J., Banke, Birdsong, Sognier and Pope, JJ., concur. Deen, P. J., concurs specially.*

DECIDED FEBRUARY 19, 1982.

*John H. Hicks,* for appellant.
*Lewis R. Slaton, District Attorney, Jesse Echols, Joseph J. Drolet, Margaret V. Lines, Assistant District Attorneys,* for appellee.

DEEN, Presiding Judge, concurring specially.

I concur fully with all that is said in the majority opinion, and, in overruling *Haire v. Branch,* 129 Ga. App. 164 (199 SE2d 127) (1973), applicable to intrastate awards but suggest the court go further and overrule *Zimmerman v. Zimmerman,* 131 Ga. App. 567 (206 SE2d 583) (1974) and *Konscol v. Konscol,* 151 Ga. App. 696 (261 SE2d 438) (1979) as to modification of support awards obtained in another state establishing a uniform approach. To place the power and prestige of a public prosecutor in a private proceeding on the side of only one party as against another in a civil proceeding coupled with a simultaneous deprivation to the latter of a trial by jury should not and could not be the intent of the legislature. The state has a compelling interest in *enforcement* of an existing judgment embracing a statutory duty to support dependent children, but this is not true in a civil action to establish, or to modify upward or downward a contract or judgment of support.

There exists presently an anomaly peculiar to and affecting only domestic and family law, i.e., an unelected judge without the right of trial by jury may terminate parental rights of their child; marriage contracts, as opposed to other contracts, may be terminated without

fault of either party; there is no appeal as a matter of right in domestic relation cases, which does not obtain in all other civil and criminal cases. Elimination of the right of a jury trial as to duties of parents to support children could not be the intent of the legislature and should not be added to the already existing listed limitations affecting individual rights in critical family law areas.