63274, 63275. FRANCIS v. PITTMAN; and vice versa.

SHULMAN, Presiding Judge.

Pursuant to a final judgment and decree of divorce entered by the Superior Court of DeKalb County in 1976, appellant Robert E. Francis was obligated to pay appellee/cross-appellant Janet L. Pittman $400 per month as child support. Subsequently, Ms. Pittman and the children moved to Texas, where she initiated an action under the Uniform Reciprocal Enforcement of Support Act (URESA) (Code Ann. Ch. 99-9A), seeking enforcement of her rights to child support under the DeKalb County divorce decree. On September 28, 1977, the Superior Court of DeKalb County, acting as a "responding state," entered a consent order in the URESA action ordering appellant Francis to pay $300 per month as child support. Several years later, appellee Pittman instituted a garnishment action against appellant's employer, alleging a child support arrearage of $10,800 covering the entire post-divorce period. After holding a hearing on the garnishment action, the trial court entered an order finding the total amount due under the garnishment to be $6,700. Both parties have appealed from this order.

1. Appellant Francis maintains that the State Court of DeKalb County erred when it failed to dismiss this garnishment action for lack of subject matter jurisdiction. While recognizing that a garnishment action concerning an obligor-parent who has defaulted on a court-ordered support obligation is within the jurisdiction of the state court, appellant believes that the superior court, having entered two allegedly inconsistent orders concerning appellant's support obligations, should have entertained this garnishment proceeding. We disagree with appellant's conclusion. The State Court of DeKalb County is vested with jurisdiction over garnishment proceedings (see Ga. L. 1951, p. 2401, § 5), and the existence of superior court orders concerning the alleged debt which is the subject of the garnishment does not deprive the state court of its jurisdiction. See, e.g., *Brodie v. Brodie,* 155 Ga. App. 593 (271 SE2d 725); *Clark v. Clark,* 150 Ga. App. 602 (258 SE2d 282).

2. Addressing the merits of the trial court's order, appellant Francis contends that the court erred in finding as a matter of law that the 1977 URESA order did not affect the amount of child support owed by appellant. Under Code Ann. § 99-927a "[a]ny order of support issued by a court of this State when acting as a responding State shall not supersede any previous order of support issued in a divorce or separate maintenance action, but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under

both." Thus, the "URESA order did not supersede the DeKalb divorce decree ordering child support; and by the same token, the URESA order did not constitute a modification of the DeKalb support order as if it were a proceeding under Code Ann. § 30-220 (a). [Cit.] *Moreover, the amounts paid pursuant to the URESA order are to be credited against amounts accrued under the DeKalb support order; and conversely, compliance with the URESA order does not prevent arrearages from accruing under the DeKalb support order.*" (Emphasis supplied.) *Ray v. Ray,* 247 Ga. 467, 469 (277 SE2d 495). Although *Ray* involved an *intrastate* action for the enforcement of a child support order, the same reasoning is applicable to an *interstate* proceeding such as the case presently before us. Thus, the trial court did not err when it held that appellant was responsible for the accrued difference between the child support payments called for in the DeKalb divorce decree and the lesser amounts paid pursuant to the URESA order.

3. In her appeal, cross-appellant Pittman contends that the amount found by the trial court to be due under the garnishment is erroneous because the trial court failed to consider evidence which allegedly established an additional $1,250 in post-URESA order arrearages.

The amount found by the trial court to be due under the garnishment ($6,700) is based upon the assumption that cross-appellee Francis made each of the $300 post-URESA order payments. However, the evidence adduced at the garnishment hearing requires a finding that cross-appellee Francis did not make all the ordered payments. Thus, an additional arrearage existed and the trial court erred in denying cross-appellant Pittman's motion to reconsider on this point. We remand the case to the trial court for a determination of the amount of the additional 1977-1981 arrearage, to be ascertained from the existing record.

*Judgment affirmed in Case No. 63274. Judgment reversed and remanded with direction in Case No. 63275. Quillian, C. J., and Carley, J., concur.*

DECIDED APRIL 6, 1982.

*Richard J. Cabaniss,* for appellant.
*Steven L. Head,* for appellee.