**Jill Lamyre Black JAYNES, Appellant,**

v.

**Albert A. BLACK, Appellee.**

Court of Appeals of Kentucky.

March 11, 1983.

Discretionary Review Denied and Opinion Order Published by Ky. Supreme Court Aug. 26, 1983.

Donald C. Morris, Louisville, for appellant.

William F. Woodward, Woodward, Hobson & Fulton, Louisville, for appellee.

Before WHITE, COOPER and WILHOIT, JJ.

WHITE, Judge.

This appeal is taken from the Jefferson Circuit Court's dismissal of appellant's claim for child support arrearages.

Mrs. Jaynes formerly was married to appellee Albert A. Black; however, in 1969 the parties were divorced. She was granted custody of their three minor children; support in the amount of thirty dollars ($30) per week was directed of Mr. Black.

Appellee Black subsequently moved to Indiana. In 1980, under the Uniform Reciprocal Enforcement of Support Act (KRS Chapter 407), Mrs. Jaynes initiated an action for child support arrearages. Her Complaint was taken to Indiana for civil enforcement.

According to the Order entered by the Clark (Indiana) Superior Court, "after testimony" it was determined that the two older children are now emancipated, that the two younger had lived for several years with their father, and that the youngest still resides with him. The Complaint thereupon was denied and dismissed. No appeal was taken.

Two years later an action for a common law judgment upon the same alleged arrearages was commenced in Jefferson Circuit Court. That Complaint also was dismissed based upon lack of personal service was well as *res judicata*. We do not agree with the lower Court's considerations regarding service of process; however, based upon the matter of *res judicata*, we affirm.

■ Mrs. Jaynes asserts before us that the Indiana court did not reach the merits of her Complaint and that accordingly *res judicata* should not attach. It is urged that the dismissal was based upon a jurisdictional consideration, specifically that Indiana courts are purportedly not vested with the authority to collect URESA arrearages. Our reading of the relevant Indiana statutes, Indiana Code Annotated 31–2–1–1—31–2–1–39, does not support such a jurisdictional shortcoming. More important, however, is that the Indiana Order does not refer to such a consideration.

■ No mention of jurisdictional defect is made. Quite to the contrary the Order specifically refers to the fact that the Court's conclusions were reached after *testimony*. As correctly observed in the lower Court's opinion, a court speaks through its judgment. We are required, therefore, to accept at face value the Indiana Order which supports the conclusion that the merits were reached. Nothing legally relevant to the contrary has been presented to us. Appellant Jaynes cites us to various issues of fact which, it is asserted, require determination by the Jefferson Circuit Court. These, however, are concerns which should have been raised in the Indiana hearing. If that Superior Court erred in its conclusions, proper recourse was through that state's appellate procedures not through an attempted collateral attack on its judgment.

■ Mrs. Jaynes urges that a distinction is to be made between her unsuccessful URESA action and the present one for a common law judgment. Such is a distinction in name only. The sole issue of each was whether a past due amount for child support was owing from Mr. Black; the underlying facts supporting either claim are the same.

Indiana held "no." That this Court may question the basis of its determination is not a proper subject for our consideration. Our attention is focused only upon whether the Indiana litigation is *res judicata*, thereby precluding a common law action in Kentucky.

Mrs. Jaynes argues that under KRS 407.-110 the URESA remedies "are in addition to and not in substitution for any other remedies" and that an unfavorable outcome under URESA should not forestall her second action in Kentucky. Our interpretation of KRS 407.110, however, is that the petitioning spouse is given a choice of remedies, not an accumulation of such.

■ URESA did not replace Mrs. Jaynes' right to enter the Jefferson Circuit Court for issuance of a Rule; it merely presented her with the choice of whether she wished to proceed in Clark County, Indiana, or Jefferson County, Kentucky. Having chosen Indiana, appellant is not to be heard to complain that the decision there was adverse to her claim.

The issue of arrearages having been heard and determined by the Indiana Court, the matter is held to be *res judicata* to subsequent consideration in Kentucky.

The Order of Dismissal from the Jefferson Circuit Court is affirmed.

All concur.