## 67787. THE STATE v. OVERSTREET.

SOGNIER, Judge.
The State filed a petition on behalf of Brenda Woodcock for the recovery of child support from Claude Edward Overstreet pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA, OCGA § 19-11-40 et seq.). Overstreet filed a motion to dismiss the petition on the ground that Woodcock had previously obtained a contempt order which required Overstreet to comply with the original divorce decree establishing his duty of support. The trial court overruled Overstreet's motion to dismiss, but at the same time it denied the

State's petition on the ground that the petition was unnecessary. The State appeals.

Appellant contends that the trial court erred by denying the petition for the establishment of an order of support under URESA. Appellant argues that a complaining spouse in this situation is not required to make an election of remedies but may pursue any number of remedies until judgment is satisfied, and then only one recovery will be allowed. We agree. The purpose of URESA is to improve the enforcement of an obligor spouse's duty to support. OCGA § 19-11-41; *Bisno v. Biloon*, 161 Ga. App. 351, 353 (291 SE2d 66) (1982). To further the enforcement of that duty, OCGA § 19-11-45 states that the remedies provided in URESA are "in addition to and not in substitution of any other remedies." Although URESA is but one method under our law to enforce an obligor's duty to support, it provides a more complete and full method of enforcing such support than is available to a complaining spouse under traditional contempt remedies. See generally *Bisno*, supra, OCGA §§ 19-11-53 (a), 56, 57, 61, 63, 65. We see no reason why a complaining spouse cannot pursue any or all of the remedies available to enforce a support order, although it is axiomatic that once there is a full recovery on the judgment the complaining spouse is thereafter precluded from enforcing the alternate remedies. See generally *Lipton v. Lipton*, 211 Ga. 442, 445 (86 SE2d 299) (1955); *Herring v. Herring*, 138 Ga. App. 145, 146 (2) (225 SE2d 697) (1976); *Portman v. Karsman*, 166 Ga. App. 398, 399 (304 SE2d 399) (1983).

Therefore, we reverse the trial court's denial of the petition for the establishment of an order of support.

*Judgment reversed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED APRIL 3, 1984.

*W. Glenn Thomas, Jr., District Attorney, Jerry W. Caldwell, Assistant District Attorney,* for appellant.

*J. Alvin Leaphart,* for appellee.