40725. STATE OF GEORGIA v. McKENNA.
(315 SE2d 885)

CLARKE, Justice.

This case involves an interpretation of the Uniform Reciprocal Enforcement of Support Act (URESA), OCGA § 19-11-40 et seq., in an interstate proceeding. We granted certiorari to determine whether the court in a responding state has the authority to award and enforce payments of child support in an amount different from that specified in a prior judgment in the originating state. The Court of Appeals

held that the Georgia court lacked authority to award payments in a different amount. *McKenna v. State of Georgia,* 169 Ga. App. 319 (312 SE2d 380) (1983). We hold the language of the URESA statute requires a different result and reverse.

The McKennas were divorced in West Virginia in 1970. The decree awarded Mrs. McKenna the custody of the minor child, child support in the amount of $75 per month and alimony of $50 per month. Mr. McKenna then moved to Georgia. Mrs. McKenna brought a modification action in which the West Virginia court, under the laws of that state, took jurisdiction over the former husband and increased child support to $300 per month and alimony to $100 per month. He was served in that action by certified mail but did not answer or make an appearance.[1]

Subsequently, Mrs. McKenna filed a support action under URESA in West Virginia. The petition was forwarded to Georgia, the responding state, and the former husband was personally served in Cherokee County where he resided. He answered and moved to dismiss; it is uncontested that he has continued to make payments under the original West Virginia decree totaling $125 per month.

The trial court denied the motion to dismiss holding that the URESA petition was an independent remedy and that the duty of support, and what is a fair and reasonable amount, are issues for determination of the Georgia court as a responding state under OCGA § 19-11-43. The trial court specifically did not rule on the validity or invalidity of either West Virginia decree. The Court of Appeals ruled that the URESA petition should have been dismissed, holding that where support was being paid under a foreign judgment the only remedy available to an out-of-state litigant is domestication of the decree followed by modification under OCGA § 19-6-18.

In reaching its conclusion the Court of Appeals relied on the language of OCGA § 19-6-26 (a), as it also did in an earlier case on similar issues, *Bisno v. Biloon,* 161 Ga. App. 351 (291 SE2d 66) (1982). "So long as a party against whom is rendered a permanent judgment remains in or is domiciled in this state, the exclusive procedure for the modification of the judgment shall be by a proceeding instituted for such purposes in the superior court of the county in which venue is proper." OCGA § 19-6-26 (a). Insofar as the opinions hold that a URESA action may not be brought to modify a Georgia or foreign

---

[1] The enforceability of that judgment is not directly in issue in this certiorari. We note that since the West Virginia modification, Georgia amended its long arm statute to provide for jurisdiction over nonresidents in modification actions. OCGA § 9-10-91 (5), *Lee v. Pace* 252 Ga. 546 (315 SE2d 417) (1984). The language of the amendment, Ga. L. 1983, pp. 1304, 1305, is identical to that of the Florida law, § 48.194, Florida Statutes, at issue in *Whitaker v. Whitaker,* 237 Ga. 895 (230 SE2d 486) (1976).

decree they are correct. However, we do not agree that OCGA § 19-6-26 (a) requires a trial court to dismiss URESA proceedings when a prior support decree is in effect.

URESA, by its own terms, provides: "Any order of support issued by a court of this state when acting as a responding state shall not supersede any previous order of support issued in a divorce or separate maintenance action, but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both." OCGA § 19-11-71. Under URESA a duty to support may be found in the responding state whether or not a prior judgment of support has been entered; this duty "includes any duty of support imposed or imposable by law." OCGA § 19-11-43. If a duty of support is determined to exist, it is the duty of the court in the responding state to conduct proceedings to determine "a fair and reasonable sum." OCGA § 19-11-43.

As pointed out by the trial judge these sections contemplate that under URESA the court having jurisdiction in the responding state makes an independent determination of a "fair and reasonable sum" irrespective of whether there is a prior decree and if a different amount is ordered paid, the other judgment is not modified but sums paid under either are credited to the other.

Our holding in *Ray v. Ray*, 247 Ga. 467 (277 SE2d 495) (1981), supports this conclusion. *Ray* involved an intrastate URESA action. URESA provides that proceedings under the statute may be brought when the parties reside in different counties within a state in the same manner as a state to state action. OCGA § 19-11-47. In *Ray*, the DeKalb County divorce decree provided that the father pay $700 per month as child support. Wife later brought a URESA action in Chatham County where the father resided. In the URESA action the court in the "responding county" determined $200 to be a "fair and reasonable sum." Although the father was in compliance with the URESA order, we held the URESA judgment did not relieve him of his obligation under the original divorce decree in a contempt action brought by the former wife. Based upon the language of OCGA § 19-11-71 we held "the Chatham URESA order did not supersede the DeKalb divorce decree ordering child support; and by the same token, the URESA order did not constitute a modification of the DeKalb support order as if it were a proceeding under [OCGA § 19-6-18]." *Ray*, at 469. We also noted that payments under URESA would be credited to payments due under the original order. In addition, the remedies of URESA "are in addition to and not in substitution of any other remedies." OCGA § 19-11-45.

Our holding in *Ray* is in line with the position taken in other states interpreting URESA; these courts have held that since URESA is an independent proceeding which does not affect, and is not bound

by, prior foreign judgments, a responding court may enter a support order that is greater than, as well as less than, a prior judgment. See Commonwealth of Virginia ex rel. Halsey v. Autry, 441 A2d 1056 (Md. 1982); Balestrine v. Jordan, 272 SE2d 438 (S.C. 1980); Rohrer v. Kane, 609 P2d 1121 (Colo.App. 1980); Jaramillo v. Jaramillo, 27 Wash.App. 391 (618 P2d 528) (1980); Olson v. Olson, 534 SW2d 526 (Mo.App. 1976); Ainbender v. Ainbender, 344 A2d 263 (Del.Super. 1975); Elkind v. Byck, 67 Cal.Rptr. 404 (439 P2d 316) (1968); Moore v. Moore, 252 Iowa 404 (107 NW2d 97) (1961); Thompson v. Thompson, 93 S2d 90 (Fla. 1957).

In addition, the United States Supreme Court stated that a California resident seeking additional child support from a New York resident may either pursue the action in New York, or utilize URESA to "facilitate both her prosecution of a claim for additional support and collection of any support payments found to be owed by appellant." Kulko v. Superior Court of California, 436 U. S. 84, 100 (98 SC 1690, 56 LE2d 132) (1978).

While we are not bound by the decisions of these other states, they are particularly persuasive because we are interpreting a reciprocal uniform law. "The purposes of this article are to improve and extend by reciprocal legislation the enforcement of duties of support and to make uniform the law with respect thereto." OCGA § 19-11-41.

We hold that the trial court was correct in denying Mr. McKenna's motion to dismiss. This URESA action was brought as a separate action to determine support, and the amount of the West Virginia judgment and/or its validity were not in issue. As noted by the trial judge, URESA contains an additional procedure for registering and enforcing foreign judgments but that is not in issue in this case. See OCGA § 19-11-79 et seq.

In holding that URESA is not a modification action, nor merely a collection action, but an independent proceeding for support we must also address the opinion in *Bisno v. Biloon*, supra. Counsel for appellant contends that it cannot stand in light of the language of the statute and *Ray v. Ray*, supra. The Prosecuting Attorneys' Council of Georgia, filing as amici curiae of the appellant, argues that if we do not overrule *Bisno*, it must be limited to intrastate URESA actions. In *Bisno*, the parties were divorced in Clayton County. Both parties moved to different Georgia counties. A URESA action was tried in Fulton County, the father's residence. The Fulton court ordered child support in an amount higher than the child support ordered in the Clayton decree. The Court of Appeals reversed. The holding in that case that URESA may not be used to modify a prior Georgia award is correct. *Ray*, supra. The method of modification is set forth in OCGA § 19-6-26. However, since a URESA action is not a modification of and has no effect on the prior judgment, *Ray*, supra, OCGA § 19-11-

71, the holding in *Bisno* that an intrastate URESA action may not be brought if there is a prior Georgia judgment is overruled.
*Judgment reversed. All the Justices concur.*

DECIDED MAY 22, 1984.

*Kathleen A. Buchanan, Assistant District Attorney,* for appellant.
*McVay & Stubbs, Kipling L. McVay,* for appellee.