## 44481. BROOKINS v. BROOKINS.
### (357 SE2d 77)

MARSHALL, Chief Justice.

In the appellant-mother's present action against the appellee-father under the Uniform Reciprocal Enforcement of Support Act (URESA), OCGA § 19-11-40 et seq., she alleged that the defendant was under a duty to support the parties' minor children under the parties' 1974 Ohio divorce decree, under which the defendant was allegedly in arrears in the amount of $27,534.86 as of May 31, 1985. The trial court — finding that the "plaintiff demands $33,102.13 in arrearage accruing under the Ohio decree" — dismissed the petition on the ground of res judicata, based on the appellant's two previous URESA actions against the appellee: in Georgia (in 1978) and in North Carolina (in 1982), in both of which cases the matter of the alleged arrearage under the Ohio decree was likewise pleaded, but both of the final orders were silent thereon. The Court of Appeals denied the appellant's application for discretionary appeal; this court granted certiorari. We reverse the trial court's order dismissing the petition.

1. In this URESA action to recover arrearage under the parties' prior support order pursuant to OCGA §§ 19-11-51 and 19-11-63, the dismissal of the petition would be proper only if the rule of res judicata is applicable to either[1] or both of the two previous URESA orders.

"[A] foreign judgment is conclusive as to all matters which were decided *or could have been heard* at the time of the judgment in question. *Johnson v. Johnson,* 115 Ga. App. 749 (2) (156 SE2d 186); *Tarver v. Jordan,* 225 Ga. 749, 750 (171 SE2d 514)." (Emphasis supplied.) "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters *put in issue* or which under the rules of law *might have been put in issue* in the cause wherein the judgment was rendered until the judgment is reversed or set aside." (Emphasis supplied.) Matters are "put

---

[1] Arrearages were not specifically recoverable under the Georgia URESA until these two Code sections were amended by Ga. L. 1979, p. 941, §§ 1, 2. The Georgia URESA action was filed prior to, and the order therein entered subsequent to, the April 13, 1979, effective date of the amendment. See 23 AmJur2d 974, 975, Desertion & Nonsupport, § 124.

in issue by the pleadings in the previous litigation." *Farmer v. Baird,* 35 Ga. App. 208 (132 SE 260) (1926) and cits.

Thus, the matter of arrearage was put in issue by the mere allegations of the amounts thereof in the two previous URESA petitions. *Farmer,* supra. This is so even though this may have been intended as merely necessary allegata under the URESA,[2] and regardless of the absence of a specific prayer for such relief. *Madison, Ltd. v. Price,* 146 Ga. App. 837, 839 (1) (247 SE2d 523) (1978) and cits.; *Booker v. Booker,* 107 Ga. App. 339, 341 (130 SE2d 260) (1963) and cit.; 18 EGL 273, Judgments & Decrees, § 300 (1981 rev.), citing 50 CJS 100, Judgments, § 655. Even if it was not put in issue, however, "under the rules of law [it] might have been put in issue." OCGA § 9-12-40. Nor would the silence of the previous URESA order(s) as to that issue prevent the bar of res judicata, if applicable. " 'The principle which fixes the absolute conclusiveness of a judgment of a court of competent jurisdiction upon the parties and their privies applies whether the reasons upon which it was based were sound or not, and *even if no reasons at all were given. . . .*' " (Emphasis supplied.) *McRae v. Boykin,* 73 Ga. App. 67, 72 (35 SE2d 548) (1945) and cit.

2. However, a mechanical application of the res judicata rule in this situation would frustrate the purposes of the URESA, i.e., "to improve and extend by reciprocal legislation the enforcement of duties of support and to make uniform the law with respect thereto." OCGA § 19-11-41. URESA was designed to facilitate collection of support from absent parents in distant states (and counties, *Ray v. Ray,* 247 Ga. 467 (277 SE2d 495) (1981)) without incurring excessive transportation and litigation expenses. To this end, there are a number of cumulative remedies within the Act which can be utilized. The duties of support, including the duty to pay arrearages, are enforceable by requirements of a cash deposit or bond, payments at intervals to the court's probation department, and by civil contempt. OCGA § 19-11-65. "If the duty of support is based on a foreign support order, the obligee has the *additional* remedies provided in Code Sections 19-11-77 through 19-11-81 [i.e., registration of foreign support orders in this state for purposes of enforcement]." (Emphasis supplied.) OCGA § 19-11-76. In *State of Ga. v. McKenna,* 253 Ga. 6, 9 (315 SE2d 885) (1984), we pointed out that, under OCGA § 19-11-71, URESA orders do not affect, and are not bound by, prior foreign support orders/judgments, and sums paid under either order/judgment are credited against arrearages under both; and that there was the additional remedy of registering and enforcing foreign judgments, which, as here,

---

[2] "[N]o cause of action shall arise unless the obligee is in need of support *and the obligor has failed and refused to support the obligee.*" (Emphasis supplied.) OCGA § 19-11-52.

was not in issue in the case. In *Ray v. Ray*, 247 Ga. 467, supra, p. 469, we held that compliance with the URESA order does not prevent arrearages from accruing under the prior support order.

Moreover, the remedies provided within the URESA are "in addition to and not in substitution of any other remedies." OCGA § 19-11-45. "A judgment requiring the payment of alimony or child support, temporary or permanent, including attorney's fees, may be enforced against the obligee [sic; obligor?] by writ of execution (or fi. fa.). The obligee is entitled to an execution as each installment of alimony or child support becomes due and payable. The clerk is required to issue the fi. fa. upon affidavit of the obligee or his attorney as a matter of right; it is not essential that a new judgment be obtained." McConaughey, Ga. Divorce, Alimony & Child Custody (2nd ed.), Sec. 14-9 (footnotes omitted). "The remedies of action for contempt [*Lenett v. Lutz*, 215 Ga. 369, 370 (110 SE2d 628) (1959)], execution by writ of fi. fa. [*Lipton v. Lipton*, 211 Ga. 442, 444 (86 SE2d 299) (1955)], garnishment [*Herring v. Herring*, 138 Ga. App. 145, 146 (225 SE2d 697) (1976)], URESA [*Zimmerman v. Zimmerman*, 131 Ga. App. 567, 568 (206 SE2d 583) (1974)], and an action to set aside fraudulent conveyances [*McCullough v. McCullough*, 208 Ga. 776, 779 (69 SE2d 764) (1952)] are available to the complaining spouse, either singly or concurrently [*Lenett v. Lutz*, 215 Ga. 369, supra, p. 370; *Lipton v. Lipton*, 211 Ga. 442, supra, p. 444]. *The complaining spouse is not required to make an election of remedies, but only one recovery will be allowed* [*Lipton v. Lipton*, supra, pp. 444-445. See generally, OCGA Ch. 9-13]." (Emphasis supplied.) Id. Sec. 14-13.

"It has often been stated that a final judgment has the effect of res judicata between the parties and their successors in interest as to all matters which were put in issue or which, under the rules of law, could have been put in issue [OCGA § 9-12-40. *Prince v. Prince*, 147 Ga. App. 686, 689 (250 SE2d 21) (1978); *Blanton v. Blanton*, 217 Ga. 542, 544 (123 SE2d 758) (1962); *Crenshaw v. Crenshaw*, 198 Ga. 536 (1), (2) (32 SE2d 177) (1944)]. However, the true case holdings reveal that where no issue was raised *and decided* with respect to particular property, even though listed in the petition [OCGA § 19-5-5], the parties were not bound under the principles of res judicata in subsequent litigation with respect to such property [*Harris v. Harris*, 149 Ga. App. 842 (256 SE2d 86) (1979); *Sparks v. Sparks*, 127 Ga. App. 657, 659 (194 SE2d 621) (1972); *Thompson v. Reese*, 105 Ga. App. 826, 827 (125 SE2d 726) (1962)]. Thus, *the true rule of res judicata in divorce and alimony cases seems to be that a final decree has the effect of binding the parties and their successors as to all matters which were actually put in issue and decided, or which by necessary implication were decided between the parties* [See, for example, *Bufford v. Bufford*, 224 Ga. 850, 853 (165 SE2d 128) (1968)]." (Emphasis supplied.)

McConaughey, Ga. Divorce, Alimony & Child Custody, supra, Sec. 15-5.

The issue of arrearages sometimes may not be addressed in an order simply because the amount of arrearage cannot be determined readily and ordered paid, or the obligor may not be financially able at a particular time to make such payments. To apply a strict res judicata rule in this area might deter custodial parents from utilizing the URESA remedy or remedies for fear of waiving legal rights which at some later date may be determined to have been capable of litigation in the URESA proceeding. Thus, in *Ray v. Ray*, 247 Ga. 467, supra, we upheld the right of the obligee to enforce the original divorce decree ordering child support, by the payment of a monthly sum to be applied toward accrued arrearages, notwithstanding an intervening URESA order which had prospectively decreased the amount of the obligor's monthly child-support payments.

Our holding — that the order rendered by a responding court in a URESA proceeding is not res judicata in a subsequent action for arrearage under the original support order, subject to a set-off of any such arrearages already paid to prevent a double recovery — is in line with the position taken in other states interpreting the URESA. See, e.g., Annot., 31 ALR4th 347, 365, Sec. 6; *Westberry v. Reynolds*, 653 P2d 379 (Ariz. 1982); *Elkind v. Byck*, 439 P2d 316 (Cal. 1968) (stating Georgia law); *Albus v. Albus*, 503 A2d 1229 (D.C. 1986); *Despain v. Despain*, 300 P2d 500 (Idaho 1956); *In re Marriage of Gifford*, 504 NE2d 812 (Ill. App. 1987); *Armstrong v. Armstrong*, 404 NE2d 1008 (Ill. App. 1980); *D. L. M. v. V. E. M.*, 438 NE2d 1023 (Ind. App. 1982); *Banton v. Mathers*, 309 NE2d 167 (Ind. App. 1974); *Jaynes v. Black*, 655 SW2d 493 (Ky. App. 1983)(wherein issues of arrearages which actually had been determined in the prior order were held to be res judicata); *Hamilton v. Hamilton*, 476 SW2d 197 (Ky. 1972); *Talbot v. Talbot*, 297 NW2d 896 (Mich. App. 1980); *Howard v. Howard*, 191 S2d 528 (Miss. 1966); *Elsner v. Elsner*, 425 SW2d 254 (Mo. App. 1967); *Lanum v. Lanum*, 460 NYS2d 344 (N.Y. 1983); *Cahn v. Cahn*, 459 NYS2d 657 (N.Y. 1982); *Bernard v. Attebury*, 629 P2d 892 (Utah 1981); *Oglesby v. Oglesby*, 510 P2d 1106 (Utah 1973); *Horch v. Ponik*, 392 NW2d 123 (Wisc. 1986).

Accordingly, the trial court erred in dismissing the petition on the ground of res judicata.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 24, 1987.

*Robert E. Wilson, District Attorney, Sheila Connors, Assistant District Attorney,* for appellant.

*John L. Blandford,* for appellee.