A90A0459. STATE OF GEORGIA v. CHASE.

(395 SE2d 284)

CARLEY, Chief Judge.

The relevant facts in this Uniform Reciprocal Enforcement of Support Act (URESA) case are as follows: When appellant-husband and appellee-wife were divorced in Michigan in 1981, he was granted custody of their three minor children, but she was not ordered to pay any child support. In 1987, however, appellant initiated a URESA action in Michigan, alleging that appellee had a duty to support the children and that she was subject to the jurisdiction of the Superior Court of Bartow County. Before the URESA action was formally transferred to Georgia for disposition, appellant also initiated proceedings in Michigan to modify the original divorce decree so as to require appellee to pay child support. When appellee agreed to pay $10 per week in child support, the Michigan court modified the original divorce decree in conformity with this settlement agreement. Only after this Michigan modification action had been concluded was appellant's URESA petition received for filing in the Superior Court of Bartow County. In the Georgia URESA action, appellee was originally ordered to pay $80 per week in child support, but she moved the trial court to set aside its order. Appellee's motion was granted, the trial court concluding that appellant had "elected his choice of remedies . . . and elected to pursue the modification of child support in Michigan, therefore the matter brought by the URESA action was fully liti-

gated in the Michigan Court and the proceeding in Bartow County, Georgia is therefore nugatory."

Appellant filed an application for a discretionary review of the trial court's order granting appellee's motion to set aside. That application was granted and this appeal results.

1. Appellee urges that, in the absence of a transcript, an appellate court is bound to assume that a trial court's findings are supported by competent evidence. See generally *Dashiell v. Standard Mgmt. Co.*, 174 Ga. App. 442 (2) (330 SE2d 179) (1985). Although this is a correct principle of appellate review, it is not applicable to our consideration of the instant appeal. It is not the trial court's findings of *fact* that are disputed. Instead, what is at issue is the trial court's conclusion of *law* as to the legal effect that a prior foreign judgment has on a URESA action. A certified copy of that foreign judgment is in the record, and the lack of a transcript is no barrier to an appellate consideration of the merits of this appeal.

2. Appellant urges that the instant appeal is controlled by the holding in *State of Ga. v. McKenna*, 253 Ga. 6, 8-9 (315 SE2d 885) (1984); "[S]ince URESA is an independent proceeding which does not affect, and is not bound by, prior foreign judgments, a responding court may enter a support order that is greater than, as well as less than, a prior judgment." Appellee urges that *State of Ga. v. McKenna*, supra, is not controlling because it is distinguishable.

There are *factual* differences. In *State of Ga. v. McKenna*, supra, the foreign child support judgment preceded the initiation of URESA proceedings. In the instant case, initiation of URESA proceedings preceded the foreign child support judgment. However, this factual distinction is of no *legal* significance. Neither the existence of a foreign child support judgment nor the terms thereof have any bearing whatsoever on an obligee-parent's right to initiate and pursue a URESA action to enforce an obligor-parent's duty to provide child support. Under URESA, "a duty to support may be found in the responding state *whether or not* a prior judgment of support has been entered; this duty 'includes any duty of support *imposed or imposable* by law.' OCGA § 19-11-43. . . . [T]he remedies of URESA 'are in *addition to* and not in substitution of any other remedies.' OCGA § 19-11-45." (Emphasis supplied.) *State of Ga. v. McKenna*, supra at 8. It follows that, regardless of when appellant may have initiated and pursued his modification remedy to satisfaction in Michigan, he was otherwise entitled to initiate and pursue his independent URESA remedy to satisfaction in Georgia. The trial court erred in granting appellee's motion to set aside its original URESA order awarding appellant child support.

3. Appellant's remaining enumeration of error is moot.

*Judgment reversed. McMurray, P. J., and Sognier, J., concur.*

DECIDED MAY 30, 1990.

*Michael J. Bowers, Attorney General, H. Perry Michael, Executive Assistant Attorney General, Stephanie B. Manis, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, William M. Droze, Assistant Attorney General,* for appellant.
*C. Gregory Culverhouse,* for appellee.