A94A1578. DEPARTMENT OF HUMAN RESOURCES v. JONES.
(450 SE2d 339)

POPE, Chief Judge.

We granted this discretionary appeal to reemphasize the requirement that changed circumstances must be shown before an existing child support award may be modified. The trial court in this case ruled that: (a) its prior order in a legitimation proceeding validly decreased the existing child support obligation of Jones (the father) from $615 a month to $500 a month, and (b) the mother had to repay the father $1,955 (the difference between the two figures over seventeen months). We do not agree that the trial court's prior order validly decreased the father's child support obligation and therefore reverse.

The Georgia Department of Human Resources filed a petition in Douglas County for the recovery of child support from Jones, and a

consent order was subsequently entered in which Jones agreed to pay $615 in child support. Eight months later, Jones filed a complaint in Haralson County for legitimation and custody of the child. In August 1992, after hearing testimony from Jones "limited to the issue of legitimation," the Haralson trial court recognized the child as Jones' legitimate son and ordered Jones to pay only $500 a month. The DHR was not informed of this proceeding and the mother was without counsel. When the DHR did learn of the Haralson proceeding, it contested the validity of the decrease in child support and moved to intervene. The trial court never ruled on the motion to intervene. However, it entered a second order in July 1993 in which it specifically recognized the existence of the Douglas County order (the August 1992 order did not) and stated that its own order superseded that one. In January 1994, in response to Jones' request for mandamus or a legal modification of child support, the trial court ruled that its August 1992 order validly modified Jones' child support obligation and that the extra $115 a month that had been deducted from his paycheck had to be returned by the mother. It is from this last, January 1994 order that the DHR appeals.

1. Jones contends the DHR is not a proper party to this appeal because the mother and child are no longer receiving public assistance. However, the DHR's statutory duty to enforce child support payments continues after public assistance ceases. See OCGA § 19-11-6 (b). This is logical, since it will usually be the payment of child support which is keeping the mother and child from needing public assistance. And the continuing role of the DHR is particularly crucial in cases such as this one, where the mother is unrepresented and no guardian ad litem has been appointed for the child.

2. The exclusive means for modifying an award of child support is set forth in OCGA § 19-6-19 (a): either former spouse may petition for a modification by "showing a change in the income and financial status of either former spouse or in the needs of the child." See *Conley v. Conley*, 259 Ga. 68 (4) (377 SE2d 663) (1989). Jones argues that a modification can occur in conjunction with a legitimation proceeding brought under OCGA § 19-7-22, and that such a modification happened here. While it is possible that a petition for modification could be brought in the context of a legitimation proceeding under some circumstances, that did not happen in this case because there was no showing of changed circumstances. Jones suggests we should presume there was evidence of changed circumstances because the DHR has failed to provide a transcript of the August 1992 hearing.[1]

---

[1] As the DHR points out, it was unable to have that hearing transcribed because Jones failed to notify the DHR that the hearing was scheduled.

However, the August 1992 order specifically states that it was based on Jones' testimony on the legitimation issue only, and a review of all three of the Haralson court's orders reveals no indication that the court even realized that changed circumstances were required. Where no transcript is provided we presume the evidence supported the trial court's factual findings, but this rule does not apply where the trial court's determination is based on an erroneous view of the law. See *State of Ga. v. Chase*, 195 Ga. App. 806 (1) (395 SE2d 284) (1990). Accordingly, the original Douglas County child support award was not validly modified, and the Haralson County trial court erred in concluding otherwise.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 22, 1994.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, William M. Droze, Assistant Attorney General, Kunz & Associates, Jo L. Parmer*, for appellant.
*Randall M. Kessler*, for appellee.